## DAVID MUNFORD

### v.

## ELIZABETH MILLER.

1. STATEMENT.—Plaintiff in error, as agent for an estate, sold lands belonging to the estate, taking notes payable to himself. In a settlement with one of the heirs there was found due to her $700, from the sale of land, and she agreed to take, in settlement, a note to be executed to her by the purchaser, secured by a mortgage upon the land sold, and plaintiff in error undertook to procure such note and mortgage. It was afterwards discovered that the plaintiff in error had made a mistake in description of the land covered by the mortgage.

2. EVIDENCE TO PROVE TITLE—GENERAL REPUTATION.—In an action against the plaintiff in error, it was error to permit a witness to testify that he knew from general reputation and from examination of Brink's Atlas, that one Dr. L. owned the land described in the mortgage, and had owned it for a number of years. Such evidence was inadmissible to prove title to land.

3. No PRESUMPTION OF FRAUD.—There being no competent testimony to show that the mortgagor did not own the land mortgaged, the plaintiff had no cause of action. There is no presumption of law that the mortgagor gave a mortgage on land he did not own.

4. CONVERSATIONS BETWEEN HUSBAND AND WIFE INADMISSIBLE.—Conversations between husband and wife prior to the execution of the mortgage are inadmissible, both on the ground of public policy and for the reason that the conversation took place in the absence of the defendant.

5. INSTRUCTIONS SHOULD NOT BE ARGUMENTATIVE.—Instructions that are argumentative and single out particular circumstances in the case, or that call attention to facts not in evidence, are erroneous.

6. MORTGAGEE BOUND TO USE DILIGENCE.—In the present case, the mistake was patent upon the face of the mortgage, and the mortgagee was bound to the exercise of reasonable care and diligence in taking the mortgage, unless the position of the respective parties was such as to relieve the mortgagee of diligence in examining the mortgage, and this question should have been left to the jury.

7. PRACTICE—INTRODUCING EVIDENCE AFTER CASE IS CLOSED.—Permitting a plaintiff to introduce evidence in chief after he has closed his case, is a matter in the discretion of the court, and in this case was properly exercised.

ERROR to the Circuit Court of Randolph county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 13, 1880.

Mr. JOHN MICHAN, for plaintiff in error; that evidence of conversations between husband and wife was incompetent, cited Rev. Stat. Chap. 51, § 5.

Record of a deed is secondary evidence, and not admissible without showing diligent search for the original: Palmer v. Logan, 3 Scam. 56.

Instructions should be applicable to the case: Vanlandingham v. Huston, 4 Gilm. 125; McBain v. Enloe, 13 Ill. 76.

Mr. A. RUSSEL, for defendant in error; that the husband is a competent witness where the litigation is about the wife's separate property, cited Funk v. Eggleston, Ill. Syn. Rep. 1; Davenport v. Ryan, 81 Ill. 218.

Sufficient foundation for the introduction of the record was made: Deininger v. McConnel, 41 Ill. 228; Fisk v. Kissane, 42 Ill. 87.

BAKER, J. David Munford, plaintiff in error, acting as agent and under a power of attorney, sold the lands belonging

to the Milligan estate, of which Elizabeth Miller, defendant in error, was one of the heirs, and received from the heirs a commission for his services. One Daniel McIntyre purchased at the sale the S. W. of S. E. Sec. 12, T. 4, S., R. 5 W. in Randolph county, for $988, and Munford executed to him a deed therefor. From McIntyre and the other purchasers at the sale, plaintiff in error took in settlement of unpaid purchase money, promissory notes payable to himself.· In March, 1874, upon a final settlement between plaintiff in error and defendant in error, there was still due to defendant in error $700, from the sale of the lands. Defendant in error agreed to take in settlement thereof a note to be executed by McIntyre to her for $700, secured by a mortgage on the land he had bought at the Milligan sale, and to release plaintiff in error, and plaintiff in error undertook to procure the note and mortgage. It was long supposed this agreement had been mutually complied with. Afterwards it was discovered a mistake had been made by plaintiff in error in drawing the mortgage,· and that the land it described was in section thirteen instead of section twelve. In the meantime McIntyre had mortgaged the forty acres of land in section twelve to one Bryan Crawford to secure a debt of $1,000, bearing ten per cent. interest, and had become insolvent, and had left the State. This is substantially the case of defendant in error; and the evidence in the record tends very strongly to prove it. Elizabeth Miller recovered judgment in Randolph Circuit Court for $783.44.

This judgment, for several errors that intervened, we feel constrained to reverse. John R. McFie was permitted to testify, against the objections of plaintiff in error, that he knew from general reputation, and from an examination of Brink's County Atlas, that Dr. Lieper owns the land described in the Miller mortgage, and has owned it for a number of years. General reputation is inadmissible to prove an objective fact; and evidence of reputed ownership is seldom admissible at all, except in cases of bankruptcy. 1 Wharton's Ev. § 253 ; 1 Greenl. Ev. § 101, note 2. It is unnecessary to cite authorities to show the witnesses' recollection of what is shown as to ownership of land by Brink's County Atlas is not competent testi-

Munford v. Miller.

mony. Disregarding this wholly incompetent testimony, there is no evidence whatever to show McIntyre did not own the land in section thirteen mortgaged to Mrs. Miller, or that it is not of amply sufficient value to secure her debt. If her claim is not lost by means of the alleged mistake, it is wholly immaterial that it is secured by a lien upon a different tract of land from that she intended to secure a lien upon. If there has been no injury, there can be no cause of action. And there is no presumption of law that McIntyre gave a mortgage upon lands to which he had no title. It was also error to permit the plaintiff below and her husband to testify to the conversation that took place between them prior to the execution of the mortgage. Waiving all questions of interest and identity, neither husband nor wife could, at common law, testify to conversations occurring between them, and this on grounds of public policy. 1 Greenl. Ev. §§ 254, 334, *et seq.* And this same public policy is recognized by the proviso to section five of our present statute in regard to evidence. It expressly provides " that nothing in this section contained shall be construed to authorize or permit any such husband or wife to testify to any admissions or conversations of the other, whether made by him to her or by her to him, or by either to third persons, except in suits or causes between such husband and wife."

The further fact, that the conversation was in the absence of the defendant below, would clearly exclude both husband and wife from testifying in regard to it. As, however, the litigation was concerning the separate property of the wife, the husband was a competent witness to show the fact of agency, and all other matters within his knowledge, excluding only such conversations as the policy of the law precluded him from disclosing. The second instruction given for defendant in error, was argumentative; it singled out some of the many circumstances in the case, and called the special attention of the jury to them; and it invoked attention to at least one fact of which there was no legal proof in the record.

The third instruction was to the effect that although the defendant may have made the mortgage from McIntyre to plaintiff, and delivered the same to plaintiff, and plaintiff had re-

ceived the same, that would not bar her from recovering, unless she received the same, knowing it to be upon the wrong land. To one familiar with the land intended, the mistake was patent upon the face of the mortgage. Mrs. Miller was bound to exercise ordinary care and diligence. Were the relative positions of the respective parties to the transaction of of such character as would permit Mrs. Miller to take the mortgage from the defendant without any examination whatever, and yet hold her guiltless of contributory negligence? Did she have a right to rely upon the correctness and validity of the mortgage? The answer to this would depend upon the position in which they stood towards each other; and there was a conflict in the testimony upon that point, which the jury should have settled. The instruction should have required ordinary care from plaintiff, and then the jury should have determined from all the circumstances of the case, whether that degree of care was exercised. There was error in giving these two instructions. The fourth instruction asked by plaintiff in error was properly refused. It was in substance, that if Mrs. Miller accepted the mortgage from defendant, the verdict should be for defendant, unless the acceptance of such mortgage was procured by the fraud or misrepresentation of defendant.

An agent is not only responsible for his fraud, but for his negligence or want of skill. Nor was the instruction good on the ground that the acceptance was a ratification of the act of defendant, for it wholly ignored the requirement; the party ratifying had a full knowledge of all the material facts. The instruction, as modified and given, was equally erroneous. It then required, before the acceptance of the mortgage would release Munford, that the jury should either find fraud, or else that Mrs. Miller "knew all the facts of, about and in the mortgage."

Thus modified it was vicious; for the same reason the third instruction for defendant in error was vicious, as not requiring ordinary care on the part of Mrs. Miller.

Allowing the defendant in error to introduce evidence in chief after she had once closed her case, was a matter of discre-

tion with the court, and we think it was very properly exercised in this case.

Any defect there may have been in laying a proper foundation for the introduction of the record of the deed and mortgage may readily be supplied on a second trial without any suggestion from us.    The statute expressly provides what foundation will be sufficient.

For the errors indicated herein, the judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.