William Deniston *et al.*

*v.*

George Hoagland, Guardian, etc.

1. Evidence—*errors in the admission and rejection of.* Although there may be errors in the admission and rejection of evidence in a chancery suit heard by the court, yet, if there is sufficient evidence which is clearly competent to sustain the decree, and the result would have been the same if the rejected evidence had been considered, the decree will not be reversed.

2. Specific performance—*sufficiency of evidence.* Where the proofs satisfactorily established a verbal contract as to the bargain and sale of land, possession and cultivation of the premises for a number of years, the payment of the purchase money, and full knowledge on the part of a subsequent purchaser, prior to the conveyance to him, of the entire transaction, this will be amply sufficient to authorize a decree for the specific performance of the contract and setting aside of the conveyance to the subsequent purchaser.

3. Witness—*competency of widow of a deceased party.* On a bill for specific performance of a contract for the sale of land, by the heirs at law of the vendee, the widow of the vendee is a competent witness for the heirs. The fact that the transaction or conversation, sought to be proved, occurred during the marriage, does not alone, under the statute of 1867, relating to evidence, render her incompetent. To render her so, she must be called as a witness for or against her husband. Section two of that act applies only where either the husband or wife is a party to the suit.

4. Parties in chancery—*advantage—how taken—of want of necessary parties.* Where want of proper parties is apparent on the face of the bill, the proper practice is, to take advantage of it by demurrer. Where the

rights and interests of the persons not before the court, can not be materially affected by the final decree, it will not be reversed for the omission to make them parties.

5. SAME—*bill for specific performance.* On bill for specific performance of a contract for the sale of land, by the heirs at law of the deceased vendee, against the vendor, who had conveyed the land to a third person, it was *held,* that the omission to make the widow of the vendee, and the wife of the vendor, parties, afforded no ground for reversing the decree for specific performance, as their interests could not be materially affected thereby.

6. STATUTE OF FRAUDS—*must be pleaded.* It is a rule well established that a party; to avail himself of the Statute of Frauds, must plead it, or rely upon it in some manner. It is too late to set it up on appeal or writ of error for the first time.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

This was a bill in chancery, by George Hoagland, as guardian of John Deniston and Aaron Deniston, against William Deniston and Aaron Pollard, for the specific performance of a contract for the sale of land made by William Deniston to Samuel Deniston, deceased, the father of John and Aaron Deniston, in his lifetime, and to set aside a conveyance of the premises made by William Deniston to Aaron Pollard, as in fraud of the equitable rights of the complainants.

The bill alleged, in substance, that one John Deniston, about fourteen years before, died intestate, seized in fee of the east half of the south-west quarter of section 7, township 22 north, range 7 west, of the third principal meridian, leaving Ann Deniston, his widow, and Samuel Deniston, William Deniston, Nancy Pollard (formerly Deniston,) and Martha J. Deniston, since intermarried with William Derry, his children and only heirs at law; that no partition of said land had ever been had, or assignment of dower made to Ann Deniston, the widow; that, after the death of John Deniston, the said Samuel Deniston held possession of the land and farmed and improved the same, taking care of his mother, Ann, until his death, which was about March 1, 1870; that the land since

that time had remained in the possession of the heirs of Samuel Deniston; that said Samuel left, surviving him, Hannah Deniston, his widow, and John and Aaron Deniston, his only heirs at law; that said Ann Deniston, widow of John Deniston, died in December, 1870; that about six years before the filing of the bill, William Deniston sold his entire undivided interest in said land to said Samuel Deniston, the father of the complainants; that he made a warranty deed to Samuel for the same, for the consideration of $250, all of which had been paid, and left the same with a justice of the peace to be acknowledged by his wife, Hannah, but that such acknowledgment was never taken; and that, after the death of Samuel, William took the same away and sold his interest in the land to Aaron Pollard for about $500, and made him a deed therefor, and that said Pollard had notice of the facts of the case before his purchase. The bill prayed to set aside this conveyance, and for specific performance of the contract. The court decreed as prayed, from which the defendants appealed.

Messrs. DEARBORN & CAMPBELL, and Messrs. LACEY & WALLACE, for the appellants.

Messrs. FULLERTON & ROGERS, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The bill alleges that Deniston, one of appellants, bargained and sold his interest in the land in controversy to the father of appellees; that the purchase money was fully paid; that the purchaser, at the time of the sale, was in possession, and so continued for a number of years, and until his death, cultivating and improving the land ; and that appellant, Pollard, had, before his pretended purchase and conveyance, full notice and knowledge of all the facts concerning the sale.

The bill prays that the deed to Pollard be set aside, and that Deniston be compelled to convey to appellees.

The court below rendered a decree in accordance with the prayer of the bill.

Concede errors in the admission and rejection of testimony, there was evidence, clearly competent, sufficient to sustain the decree.

The court rejected the testimony of appellant Deniston, and a part of the testimony of Pollard, and refused to exclude any of the evidence of Mrs. Kimner, or the evidence of Samuel Deniston, the alleged purchaser.

We may consider the rejected testimony as heard and considered, and the decided preponderance of the evidence justifies the decree.

Without collating the evidence, we think that the following facts are satisfactorily established: a verbal contract as to the bargain and sale of the land; possession and cultivation of the premises for a number of years; the payment of the purchase money, and full knowledge on the part of Pollard, prior to the conveyance to him, of the entire transaction.

These conclusions, however, can not be reached without the aid of the testimony of Mrs. Kimner.

It is urged, that she was incompetent as a witness by virtue of section five of the act of 1867. Sess. Laws 1867, 184. This section provides that no husband or wife shall be competent to testify for or against each other as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage, or after its dissolution, except in certain cases specified. This case is not one of the exceptions.

The section has no application to this case. The exclusion of husband or wife as a witness, can only be in a case where one or the other is a party, for, only under such circumstances could they testify for or against each other. The fact that the transaction or conversation occurred during marriage, does not alone constitute the prohibition. The wife must also be called as a witness for or against her husband.

In this case, the husband was dead before the commencement of the suit, and could not, therefore, be a party; and even his estate has no interest in the result.

It is also contended that the decree should be reversed because certain persons, whose rights might be affected, were not made parties.

The bill discloses, upon its face, that Samuel Deniston left a widow, and that William Deniston has a wife. Where the want of proper parties is apparent on the face of the bill, the proper practice is, to take advantage of it by demurrer. But where the rights and interests of the persons not before the court, can not be materially affected by the final decree, it should not be reversed for the omission to make them parties.

The interest of the wife of William is exceedingly uncertain and remote. The answer shows that she executed, with her husband, the deed to Pollard, and thus barred her right of dower if the husband owned the land. If he sold in fraud of the rights of appellees, as heirs of Samuel Deniston, she may possibly have a dower interest in the future. This could only happen upon the death of the husband, before her death. Her interest, therefore, depends on a contingency which may never occur.

As to the widow, she had a dower only in an equitable estate, if one existed. If the purchase money, or some portion of it, had not been paid, she would have no right of dower. The object of the bill was, to establish the right to a title in her husband. A decree in accordance with the prayer was no injury to her, but a benefit.

The interest of neither the wife nor the widow can be materially affected by the decree. Neither can be deprived of the right of dower, if it exist, but both are actually benefited by the decree. The wife regains a right of dower, dependent upon a contingency, which she had lost, and the widow has her rights established, so that the assignment of dower to her, by force of the decree, is a simple proceeding.

We do not think the decree should be reversed because they were not made parties.

As to the position that the contract was not in writing, and therefore prohibited by the Statute of Frauds, we have only to say that, even if the proof does not take the contract out of the statute, the defense is made too late.

It is a rule well established, that a party, to avail himself of the Statute of Frauds, must plead it, or rely upon it in some manner. As this was not set up upon the hearing, it can not now be done.

We are of opinion that the conveyance to Pollard was made in fraud of the rights of appellees, and affirm the decree.

*Decree affirmed.*