114 329
61a 512

DANIEL POWELL

*v.*

JANE POWELL *et al.*

*Filed at Ottawa June 13, 1885.*

1. WITNESS—*competency—widow, on behalf of herself and the heirs—on bill to establish a trust in favor of the estate.* On bill filed by the widow and heirs of a deceased person to establish a trust alleged to have existed in favor of the deceased in his lifetime, and enforce the same for the benefit of herself and the heirs, the widow is a competent witness in her own behalf, and in behalf of the heirs, as to all matters affecting the transaction of which she had personal knowledge.

2. SAME—*competency of defendant in suit by widow and heirs to establish and enforce a trust—husband and wife.* On bill by the widow and heirs of a deceased person to establish and enforce a trust in real estate, the defendant is not a competent witness to testify in his own behalf to anything but matters falling within the exceptions to section 2, chapter 51, of the Revised Statutes of 1874. Under these exceptions, where witnesses in behalf of the complainants have testified to conversations, admissions or transactions

of such defendant, he is competent to testify as to the same conversations, admissions or transactions.

3. SAME—*wife for the husband.* But such a case is not one wherein the wife of the defendant is rendered a competent witness, by the statute, to testify in his behalf. There was no element of agency on her part in connection with the transaction.

4. TRUST—*taking title to hold as an indemnity—whether a trust.* A contract was made for the purchase of a lot of ground for $900, $100 of which was to be paid down, and eight. notes given for the balance, bearing six per cent interest. The purchaser being unable to make the first payment, induced his father to advance.the same, and give his individual notes for the balance, and the contract for the deed was made directly to the father as a security for the money so advanced, and to indemnify him against liability on his notes for the remaining purchase money. The son afterward repaid his father the sum so advanced, went into possession of the lot, paid the taxes, and made valuable improvements thereon, and paid the interest on the notes. It was *held,* that the father held the bond for the deed in trust for the son.

5. TENDER—*in chancery—on bill to declare and enforce a trust.* Where the object of a bill is not to redeem from a trust, but to declare and enforce the same, the defendant holding the title to land in trust to indemnify himself from liability in respect to the purchase money, there is no necessity to allege or prove a tender. It is sufficient to allege a readiness and willingness on the part of the complainant to pay the obligations on which the defendant is liable.

6. COSTS—*in chancery—bill to enforce trust.* A party who holds the evidence of title to a lot in trust for the real owner, as a security against the payment of notes given by him for the purchase money, and denies the trust and claims to have bought the property for himself, so as to make it necessary to file a bill against him by the heirs of the original *cestui que trust,* can not complain that he is adjudged to pay part of the costs, as he might properly have been required to pay all the costs.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN BURNS, Judge, presiding.

Mr. GEORGE A. WILSON, and Messrs. PUTERBAUGH & PUTERBAUGH, for the appellant:

Parol evidence to establish a trust is not regarded with favor, and the court will not act upon it if it be not strong and irrefragable, or if it be contradicted by other testimony. *Lantry* v. *Lantry,* 51 Ill. 466; *Dwen* v. *Blake,* 44 id. 155;

*Clarke* v. *Quackenbos,* 27 id.. 260; *Sharp* v. *Smitherman,* 85 id. 154; Hill on Trustees, 167, and cases cited in notes.

Jane Powell, the widow of Martin Powell, was not a competent witness. *Smith* v. *Long,* 106 Ill. 485; *Insurance Co.* v. *Foster,* 90 id. 121; *Mueller* v. *Rebhan,* 94 id. 142; *Pyle* v. *Oustatt,* 92 id. 216.

The defendant was competent to testify to the same conversations, etc., given by other witnesses against him. *Penn* v. *Oglesby,* 89 Ill. 113.

Upon the case made out by the bill, which is, in effect, one to redeem, the complainants, in order to recover costs, must have tendered the amount due before commencing suit. *Barnard* v. *Cushman,* 35 Ill. 452.

The court also finds in the decree that the original $100, to secure which the bond was made out in the name of the defendant, has not been paid. If this is so, there is no reason for requiring the defendant to pay costs until he has placed himself in the wrong, by refusing the amount due, upon a proper tender made.

Mr. Daniel F. Raum, Mr. George B. Foster, and Messrs. Jack & Moore, for the appellees:

Jane Powell was a competent witness, as section 5, chapter 51, of the Revised Statutes, has no application. Sections 1 and 5 of that act did away with the common law rule as to the competency of husband and wife to testify as to transactions and conversations occurring during marriage. *Mueller* v. *Rebhan,* 94 Ill. 142.

The exclusion of husband or wife as a witness can only be in a case where one or the other is a party, for only under such circumstances could they testify for or against each other. The fact that the transaction or conversation occurred during marriage does not alone constitute the prohibition. The wife must be called as a witness for or against her husband. *Deniston* v. *Hoagland,* 67 Ill. 265; *Galbraith* v. *McLean,* 84 id. 379.

Daniel Powell is not, however, a competent witness, except as to certain admissions or conversations to which some of the witnesses testify as made to them out of the presence of Martin Powell, (Rev. Stat. chap. 51, sec. 2,) and he being incompetent, his wife, Margaret Powell, is also incompetent.

The transaction shows a trust or security to Daniel Powell for the money by him advanced, and as indemnity against his liability. This being shown, all the consequences attached to a trust or mortgage follow. Once a mortgage always a mortgage. *Russell* v. *Southard,* 12 How. 139; *Cameron* v. *Irwin,* 5 Hill, 280; *Remsen* v. *Hay,* 2 Edw. Ch. 535; *Waters* v. *Randall,* 6 Metc. 484; *Willetts* v. *Burgess,* 34 Ill. 494; *Patterson* v. *Yeaton,* 47 Maine, 308.

The awarding of costs in chancery is a matter of discretion for the most part. *Smith* v. *Cremer,* 71 Ill. 185; *Knowles* v. *Knowles,* 86 id. 1.

The fact that defendant denied the right to the relief sought, and claimed the land to be his absolutely, dispensed with the tender to him of the amount which was his due. *Hanna* v. *Ratekin,* 43 Ill. 462; *Simms* v. *Clark,* 11 id. 137; *Thayer* v. *Meeker,* 86 id. 470.

A court of equity is not bound by any fixed rules in relation to the tender of money. When it would appear, from all the facts proven, that a tender would have been unavailing, and would not have prevented costs, a tender is not necessary. *Webster* v. *French,* 11 Ill. 254; *Barnard* v. *Cushman,* 35 id. 451; *Dwen* v. *Blake,* 44 id. 135.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The object of this bill is to declare and enforce a trust, and to that end to enjoin, etc. The substance of the principal allegation is this: Martin Powell, who has since deceased, in June, 1880, entered into a contract with Anna M. Dobbins for the purchase of a lot in the city of Peoria. The price to

be paid was $900, of which $100 was to be paid down, and promissory notes of $100 each, bearing interest at the rate of six per cent per annum from date, were to be given for the payment of the remaining $800, and she was to give a title bond, obligating herself to make conveyance upon payment of these promissory notes. Martin was unable to raise the $100 with which to make the first payment, and his financial condition was very low. He entered into a contract with his father, Daniel Powell, whereby the latter agreed to advance the $100 payment, execute his individual notes for the deferred payments, and take the title bond to himself, and hold it for the benefit of Martin, and until Martin should repay him. Daniel advanced the $100, which Martin applied as a first payment on the property, gave his individual notes for the deferred payments, and took title bond to himself, as provided by the contract. Soon afterwards Martin repaid Daniel the $100, and entered into the exclusive possession of the property, and since that time he has paid the interest on the notes and all taxes and assessments upon the property. He has erected valuable improvements upon the property, a part of which he has occupied as a saloon. Martin died intestate, leaving the principal upon the notes unpaid. The bill avers a readiness and willingness to pay the notes and accruing interest, and charges that Daniel Powell threatens to pay off the notes and take a deed to himself, in violation of his trust. The answer denies the trust, and charges that the purchase was by Daniel alone, Martin acting therein merely as his agent. On hearing, the circuit court found the facts in accordance with the allegations of the bill, and decreed allowing Daniel to make payment of the promissory notes and take title to himself, to be held in trust for the complainant until reimbursed the money advanced by him.

Some question arose during the trial as to the competency of witnesses. It is quite clear that Jane Powell, widow of

Martin Powell, was a competent witness. She was not called to testify in behalf of Martin Powell, but in behalf of herself, as his widow, and the other complainants, who are his children and heirs at law. Even at common .law, but for her. interest as dowress she would have been a competent witness in behalf of the children and heirs at law as to all matters coming to her knowledge through sources other than communications of her husband. (1 Greenleaf on Evidence, sec. 338; *Lockwood* v. *Mills et al.* 39 Ill. 602.) The first section of chapter 51, of the Revised Statutes of 1874, page 488, removes the disability on account of her interest, and so she was a competent witness as to all matters affecting the transaction of which she had personal knowledge. *Deniston et al.* v. *Hoagland,* 67 Ill. 265; *Galbraith* v. *McLain et al.* 84 id. 379; *Mueller* v. *Rebhan,* 94 id. 142. The cases cited by counsel for appellant, *Pyle* v. *Oustatt,* 92 Ill. 216, *Westchester Fire Ins. Co.* v. *Foster,* 90 id. 121, and *Smith* v. *Long,* 106 id. 485, are totally unlike the present case, and decide nothing inconsistent with this view of the law.

Daniel Powell is directly interested in the event of the suit, being the sole defendant, and the adverse parties sue as heirs at law of the deceased, Martin Powell, and he is hence incompetent to testify to anything but matters falling within the · exceptions to section 2, chapter 51, of the Revised .Statutes of 1874, *supra.* Under those, where witnesses on behalf of the complainant have testified to conversations, admissions or transactions of his, he is competent to testify in regard to the same conversations, admissions or transactions. The case is not one wherein his wife, Bridget, is rendered a competent witness by the statute to testify in his behalf, and her evidence, therefore, can not be considered. The proofs clearly show that she did not act as the agent of her husband in this transaction.

Considering the evidence that we deem competent, alone, it is impossible to say that we are satisfied the circuit court

erred in rendering the decree. Anna M. Dobbins resided in Chicago when the trade was made, and she contracted through her agent, H. C. Bestor, of Peoria. There is not the slightest reason apparent for discrediting his testimony in any respect. He has no interest in the suit, and no apparent motive for caring as to the result. He is intelligent, and has a clear recollection of the transaction. He shows that the purchase was by Martin Powell for himself, and that Daniel Powell was only a trustee. He is sustained by other witnesses, and by circumstances,—such as, the making of contracts by Martin in his own name, for the improvement of the property, and the working of Daniel Powell, in making the improvements, as a common laborer, for Martin, and his receiving wages as such. Jane Powell's evidence is also direct, positive and full to the fact that the property was purchased by Martin for himself, and that Daniel took the title bond in trust; but we place less reliance on her evidence on account of her interest in the result of the suit.

There is much evidence directly contradictory of that on behalf of the complainant, some of which can be reconciled with it, and a considerable amount that can not be. Some witnesses who testify to declarations of Martin to the effect he admitted that the property belonged to Daniel, testify, doubtless, very candidly and very truthfully; and yet their evidence, when construed in the light of the surrounding circumstances, makes very little in favor of the defendant.

The motive for having the contract in the name of Daniel, and the bond executed to him, was to afford Daniel a certain and ample security for all advances to be made and all liabilities to be incurred by him. As between them, the ownership was to be in Daniel until he was reimbursed by Martin. Legally the title was in Daniel; equitably it was in Martin,— and this they evidently well understood. It is quite apparent from the evidence, that when Martin was trying to obtain credit, and wished to magnify his ability to pay, he ignored his

father's legal rights, and assumed that his equity embraced every title and claim to the property; and when he was threatened with suits of creditors whom he wished to put off, he assumed that his father's legal rights embraced everything of value in the title to the property. In neither contingency was his language wholly and unqualifiedly true. The contract, literally, was with Daniel, and Martin was not at all times as particular as entire truth required to disclose the trust in his favor.

We are not inclined to give much weight to some of the testimony of the brothers of Martin. They testify, quite evidently, under deep feelings of prejudice. It will subserve no useful end to recapitulate and comment upon the evidence of each witness. We are content that after having carefully and dispassionately considered all the evidence, we are unable to say that the decree below is clearly wrong.

The bill is not one to redeem, but one to declare and enforce a trust, and there was, therefore, no necessity to allege or prove a tender. The defendant having denied his trust, imposed upon complainants the necessity of filing the bill, and he might, therefore, very properly have been taxed with all the costs. His complaint that he was taxed with part of the costs, is not reasonable.

No sufficient cause is perceived for disturbing the decree below. It is therefore affirmed.

*Decree affirmed.*