# Henry E. Gedney, Sr., v. Dorothy A. Gedney, Adm'x.

1. WITNESS—*Widow as Administratrix of Her Deceased Husband.*—A widow, suing as administratrix of her deceased husband upon a promissory note payable to him, is not competent as a witness to testify, in her own behalf, to a conversation between her husband and the maker of the note, tending to show that an indorsement upon the note, which it was claimed took it out of the statute of limitations, was correct.

2. INSTRUCTIONS—*On a Single Fact.*—An instruction directing a verdict upon a single fact, which is not the only fact essential to a verdict, is erroneous, and the fact correct instructions were given for the adverse party does not cure the defect.

**Assumpsit,** on a promissory note.   Error to the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge, presiding.   Heard in this court at the May term, 1895.   Reversed and remanded.   Opinion filed December 10, 1895.

SNOW & HINEBAUGH, attorneys for plaintiff in error.

BREWER & STRAWN, attorneys for defendant in error.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Defendant in error brought suit, as administratrix of the estate of her deceased husband, Henry E. Gedney, Jr., against plaintiff in error, on a promissory note for $1,625, with interest at ten per cent, dated June 27, 1879, and executed by plaintiff in error.   There was a recovery for $3,500.

The contest at the trial was over a claim of payment by defendant and a contention of plaintiff that the note, which was payable on demand, and on its face had been barred by the statute of limitations, was taken out of that statute by a payment of $500, indorsed on the note as of May 14, 1888.   The evidence as to these propositions was conflicting, and there was much apparently credible evidence that the note was fully paid in October, 1885.

The plaintiff, widow of Henry E. Gedney, Jr., payee of

the note, was called as a witness, and testified in her own behalf. Defendant objected to her testifying, but the objection was overruled. It is urged that she was incompetent as a witness, and that there can be no difference between a wife testifying for or against her husband who is alive and testifying for or against his estate after his decease. It may be that the same reason which induced the statutory prohibition in one case would apply to the other, but the statute which removed disqualifications, except in certain specified cases, seems to have retained such disqualification in the case of husband and wife only where they are called to testify for or against each other, except as to admissions or conversations of the other.

In Deniston v. Hoagland, 67 Ill. 265, a widow testified as a witness for the heirs of her deceased husband, in a suit for the specific performance of a contract made with him, to a transaction with him during marriage, and she was held competent. It was said that the exclusion of husband or wife could only be in a case where one or the other was a party to the suit, for only under such circumstances could they testify for or against each other. In Galbraith v. McLain, 84 Ill. 379, a widow was held competent to testify to a contract of her husband with his son, excluding the son from a share of his estate, as she was not a witness for or against her husband. And in Powell v. Powell, 114 Ill. 329, where a widow and heirs at law had filed a bill to declare and enforce a trust existing in favor of her deceased husband in his lifetime, she was deemed competent to testify in behalf of herself and the heirs. The plaintiff testified, however, to a conversation between her husband and his father, the defendant, tending to show that the indorsement which it was claimed took the note out of the statute was correct. She was not a competent witness for that purpose. The disqualification of the wife to testify to conversations of her husband has not been removed, except in suits between her and her husband. Rev. Stat., Chap. 51, Sec. 5; Goelz v. Goelz, 157 Ill. 33. It was error to allow her to testify to the conversation against defendant's objection.

The sixth instruction, given at the request of plaintiff, was as follows:

" The court instructs the jury, that the · question of whether the $3,000 check was given in payment of the note sued on, or was given to Henry E. Gedney, Jr., in pursuance of some other arrangement previously entered into between him and his father, is a question for the jury to determine from all the evidence in the case.   And if the jury find, from the evidence, that said $3,000 check was not given in payment of said note, then the jury should find for the plaintiff, Dorothy A. Gedney, administratrix of the estate of said Henry E. Gedney, Jr., deceased."

This instruction directed a verdict on the single fact as to the check to be found for the plaintiff, whereas that was not the only fact essential to such a verdict as the jury were told to find.   It was also necessary to decide an issue of fact, made under the plea of the statute of limitations. There were correct instructions for defendant on that issue, but they did not cure this instruction, since the jury might obey this one and find for plaintiff merely, because they concluded that the plea of payment was not sustained.

The judgment will be reversed and the cause remanded.