## Rockwood Sager v. James St. John.

1. EVIDENCE—*Of Financial Circumstances, When Competent.*—On a suit brought to recover an alleged loan, where the testimony of the parties is conflicting, evidence that the financial circumstances of the defendant were such that he did not need the money at the time is competent.

2. INSTRUCTIONS—*That Plaintiff's Proof Must Excel Defendant's is Misleading.*—An instruction that plaintiff's proof must " excel " that of his adversary is misleading, as the jury might understand from it that plaintiff's proof must surpass defendant's in other qualities besides that of mere weight or preponderance.

Appeal from the Circuit Court of Winnebago County; the Hon. CHARLES H. DONNELLY, Judge presiding. Heard in this court at the April term, 1903. Reversed and remanded. Opinion filed June 8, 1903.

R. K. WELSH, attorney for appellant.

C. W. FERGUSON, E. M. ST. JOHN and H. S. HICKS, attorneys for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Sager sued St. John before a justice to recover an alleged loan of $100. Plaintiff recovered before the justice and a jury, but on appeal to the Circuit Court one jury disagreed and another found for defendant. Defendant had judgment on the verdict and plaintiff appeals.

Plaintiff is a physician and had long acted in that capacity for defendant and his family. It became necessary for defendant's wife to go to the hospital and have an operation performed there by a specialist, and to remain there for a considerable time in charge of a nurse. Plaintiff testified that when the expense was discussed before-

Sager v. St. John.

hand, defendant expressed some doubts whether he had money enough, and plaintiff told defendant he could help him out; that when defendant's wife was ready to be removed from the hospital, and the expenses there were to be paid, defendant came to plaintiff and said he needed some ready money; that plaintiff asked defendant how much he needed and defendant said $100 would be ample; that plaintiff then handed him $100; and that it had not been repaid. Defendant denied that any such loan was made. There were some circumstances slightly corroborating each, for example, the proof tended to show that when payment was first asked defendant was not sure that he had not had the money, but in the main the case rested upon the testimony of plaintiff and defendant. The only question was whether a loan was made.

The court permitted defendant to testify that his financial circumstances were such that he did not need the money at the time. Whatever the rule may be in some states, this proof was competent under Thorp v. Goewey, 85 Ill. 611. In Vogt v. Butler, 105 Mo. 479, the court said :

" It often happens, as in this case, that it is absolutely necessary to inquire into the financial condition of the parties to ascertain which has told the more probable story—whose evidence is most consistent with the surrounding facts and circumstances."

In Seligman v. Rogers, 113 Mo. 642, like evidence was held competent. Such evidence might have much or little weight, depending upon the circumstances. If defendant had shown that he had a considerable sum on deposit in the bank at that very time, such proof would tend to render probable his testimony that he did not borrow the sum of plaintiff. On the other hand, if plaintiff had shown that defendant had no money at the time, it would tend to render probable his testimony that defendant did ask him for this loan to defray his wife's expenses at the hospital. We hold the ruling was proper under the facts in this case.

The court at the request of defendant instructed the jury that plaintiff's proof must " excel " that of his adversary,

and that if it did not, then it was their duty to find for defendant. The requirement of the law is, plaintiff's proof shall have greater weight than that introduced by defendant. To excel is to go beyond; to exceed; to surpass, especially in good qualities or laudable deeds; to outdo. The jury might have readily understood from this instruction that plaintiff's proof must surpass defendant's in other qualities besides that of mere weight or preponderance.

The court refused two instructions asked by plaintiff to the effect that where witnesses testify directly opposite to each other on a material point the jury are not bound to consider that point not proved; that they must regard all surrounding circumstances proved on the trial, and give credence to one witness over the other if they think the circumstances warrant it; that if Sager testified one way and St. John the opposite on the point at issue the jury were not bound to consider the point not proved, but might give credit to Sager's testimony if from the circumstances appearing in evidence the jury believed they were warranted in doing so; that the fact that there is but one witness on each side of the real issue does not necessarily mean the evidence is equally balanced or that it does not preponderate in favor of plaintiff; and that the jury should take into consideration all the circumstances shown in evidence, the reasonableness or unreasonableness of the statements of the witness so far as it appeared from the evidence, and from everything in the case ascertain where the preponderance was. These instructions appear to conform to the ruling in West Chicago St. R. R. Co. v. Lieserowitz, 197 Ill. 607, and should have been given. The principles contained in them were partially stated in other instructions given, but not fully, and they were not applied to the case as in these refused instructions.

The judgment is reversed and the cause remanded.