### Charles H. Gregory v. Estate of James A. Gregory.

#### Gen. No. 4,711.

1. WIDOW—*when competent as witness for deceased husband's estate.* A widow is competent as a witness against a claim sought to be enforced against the estate of her deceased husband so far as transactions with respect thereto are concerned, but as to conversations or admissions she is incompetent

2. FORGERY—*what competent to establish that note is.* The financial conditions and transactions of the parties at the time of the alleged execution of the note claimed to be a forgery, are competent upon the question of genuineness

3. NEWLY DISCOVERED EVIDENCE—*what not ground for new trial.* Newly discovered evidence, which is really forgotten evidence, is not ground for a new trial

Contested claim in court of probate. Appeal from the Circuit Court of Livingston county; the Hon. GEORGE W. PATTON, Judge,

presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

C. C. & L. F. Strawn, for appellant.

A. C. Norton and R. B. Campbell, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

Charles H. Gregory, appellant, a brother, and Mardilla Gregory, widow of Dr. James A. Gregory, deceased, were appointed executors of the estate of the deceased, and qualified as such executors in the Probate Court of Livingston county. On the 5th of September, 1904, appellant filed a claim consisting of several items against his brother's estate. Amongst the items of the claim was a note as follows:

"$2,000.00                    Cornell, Ills., Feb. 18, 1901.

Three years after date we promise to pay to the order of C. H. Gregory the sum of Two Thousand Dollars ($2,000.00) at the rate of five per cent. interest per annum, for value received.

J. A. Gregory,
Mrs. J. A. Gregory.

No. — Due Feb. 18, 1904."

Under the statute A. C. Ball was appointed by the Probate Court to defend against claims presented by executors. On a hearing the Probate Court found for the estate, against the note; an appeal was taken to the Circuit Court, where a jury found twice against the note, and after judgment on the second verdict the case is appealed to this court.

The defense claimed to the note is, that between 1887 and 1891, Charles H. Gregory lived near Long Point and J. A. Gregory at Chatsworth or Saunemin, thirty miles distant, and that J. A. Gregory at that time, to save the inconvenience and delay in communicating with each other that would be occasioned by the dis-

tance they were separated, gave to Charles H. Gregory blank accommodation notes signed by himself and his wife, Mardilla Gregory, to be used when it was necessary for Charles H. Gregory to borrow money, and that after James A. Gregory's death appellant fraudulently filled out one of these blank notes, and was now seeking to collect it from the estate. The note presented is upon an old form as shown by the printed figures 188— in the date. The written part of the note, except the signatures, is in the writing of appellant. There was evidence showing the business methods and relations of the brothers, and some of their financial transactions. There were two indorsements in the writing of appellant, each of $100 interest paid, on the back of the note.

A witness, Miner, testified that in 1891 or 1892 he sold appellant a horse, and at that time appellant produced a blank note signed by James A. Gregory. William Gregory, another brother, testified that in May, 1890, when his brother James was living at Saunemin, he saw James Gregory give his brother Charles a blank note with his own and Mardilla Gregory's names signed to it, and Charles gave James a blank note with his name signed to it; that they exchanged blank notes. There was evidence that appellant on March 6, 1897, borrowed $1,200 of one Earp and gave a note due in five years with interest annually at seven per cent. secured by a second mortgage on his farm, and paid it March 5, 1905; that on March 6, 1897, he also borrowed $2,000 due in three years with six per cent. annual interest, from one Austin, which was secured by a first mortgage; that on March 1, 1902, Charles borrowed $1,200 of one Stevenson and still owes it; that in February, 1901, he borrowed $500 of Fecher, and paid the interest on this in 1902, and the note a year later. All this evidence was objected to by appellant. No proof was made as to what the interest of Mardilla Gregory is in her husband's estate, except

that she was a co-executor with appellant, and she is a joint maker of the note in controversy.

Mardilla Gregory, the widow of James A. Gregory, was presented as a witness on the part of the estate, and was permitted to testify, against the objection of appellant that she was incompetent to testify for or against her husband's estate to any transaction or conversation occurring while the marriage relation existed. She testified that her signature to the note was genuine, and that she signed it between 1887 and 1890 while they lived at Chatsworth or Saunemin; that when she signed it it was a blank note, except that her husband's signature was on it, and that she received no consideration for signing it.

There is a dearth of authority upon the question of the right of a husband or wife to testify on behalf of the estate of a deceased spouse in reference to a claim against it. That may account for the fact that counsel for either party have not in their briefs presented any authority on the question nor argued the principle involved, but appellant has raised the question and left it for the court to investigate and solve, without any assistance from counsel upon this question, or upon any of the questions of law involved and raised by them.

Section one of chapter fifty-one of the Statutes of Illinois, the Evidence Act, passed in 1867, provides: "That no person shall be disqualified as a witness in any civil action, suit or proceeding, except as hereinafter stated." Section five of the same act provides: "No husband or wife shall, by virtue of section one of this Act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage, or after its dissolution, except in cases where the wife, if unmarried, would be plaintiff or defendant  *  *  *  ." Then follow some exceptions, none of which include the question at bar, and providing further: "That noth-

ing in this section shall be construed to authorize or permit any such husband or wife to testify to any admissions or conversations of the other whether made by him to her, or her to him, or by either to third persons, except in suits between such husband and wife." Section five preserved the common law bar against a spouse testifying, where the other was either a party to the proceedings or interested, save as to exceptions therein contained. Had this been a proceeding against Mardilla Gregory and her husband, she would have been a competent witness under section one, in her own behalf, but even in such case she could have been rendered incompetent by dismissing as to her, and proceeding against the husband alone. In no event could she testify in any proceeding in which this note is involved, as to any admissions or conversations of the deceased, either to herself or to any third party. Can she, in this proceeding against her husband's estate, testify as to anything she knew about this note, or any connection, fact or transaction she had with the note during the existence of the marital relation, that she did not learn from her husband? If the proceeding against the estate of James A. Gregory is a proceeding against him, she was an incompetent witness in the matter. It is not necessary that the husband, if living, should be a party to disqualify the wife from testifying in his behalf; that he should be interested in the event of the proceeding is sufficient to disqualify. Craig v. Miller, 133 Ill. 300; Woolverton v. Sumner, 53 Ill. App. 115.

The rule as laid down by Greenleaf is, that "whatever has come to the knowledge of either by means of the hallowed confidence which that relation inspires, cannot be afterwards divulged in testimony, even though the other party be no longer living;" "but there are some exceptions." "Accordingly the wife, after the death of the husband, has been held competent to prove facts coming to her knowledge from other

sources and not by means of her situation as a wife, notwithstanding they related to the transactions of her husband." 1 Greenleaf on Evidence, sections 337 and 338.

The exception is held to be the law, either directly or indirectly, in Brush v. Blanchard, 19 Ill. 35; Deniston v. Hoagland, 67 Ill. 265; Galbraith v. McLain, 84 Ill. 379; Gedney v. Gedney, Admr., 61 Ill. App. 511; Coffin v. Jones, 13 Pick. 445; William v. Baldwin, 7 Vt. 506; Cornell v. Vanartsdalen, 4 Pa. St. 364; McGuire v. Maloney, 1 B. Marshal, 224.

In Gedney v. Gedney, Admr., *supra,* which was a suit by the administrator to collect a note in favor of the estate, this court, speaking through its presiding justice, in a case where a widow, as administratrix, had been permitted to testify as to transactions occurring during the continuance of the marital relation, and also as to admissions or conversations of the deceased husband, said: "It is urged that she was incompetent as a witness, and that there can be no difference between a wife testifying for or against her husband, who is alive, and testifying for or against his estate, after his decease. It may be that the same reason which induced the statutory prohibition in one case would apply to the other, but the statute which removed disqualifications, except in certain specified cases, seems to have retained such disqualifications in the case of husband and wife, only when they were called to testify for or against each other, except as to admissions or conversations of the other.

"In Deniston v. Hoagland, 67 Ill. 265, a widow testified as a witness for the heirs of the deceased husband in a suit for the specific performance of a contract made with him, to a transaction with him during marriage. It was said that the exclusion of husband or wife could only be in a case where one or the other was a party to the suit, for only under such circumstances would they testify for or against each other. In Gal-

braith v. McLain, 84 Ill. 379, a widow was held competent to testify to a contract of her husband with her son, excluding the son from a share of his estate, as she was not a witness for or against her husband. And in Powell v. Powell, 114 Ill. 329, where a widow and heirs at law had filed a bill to declare a trust existing in favor of her deceased husband in his lifetime, she was deemed competent to testify in behalf of herself and heirs."

In the Gedney case it was expressly held that the wife could testify in a controversy where the estate was interested, to transactions of her deceased husband, but could not testify as to admissions or conversations. The case of Reeves v. Herr, 59 Ill. 81, though using some broad language, related only to a conversation, and was within the last proviso of section 5 of the Evidence Act.

In the case of Brush v. Blanchard, 19 Ill. 35, the court said: "A wife after the death of her husband, must be competent to prove facts coming to her knowledge from sources other than from her situation as a wife, notwithstanding they may relate to her husband's transactions."

We think these cases bring the rule on that question in this state within the exception as laid down in Greenleaf. It would seem, on principle, that when a person is dead and the prosecution is against the estate, that it is a suit, not against the person, but *in rem* against the estate. The testimony of Mrs. Gregory was in behalf of the estate and not her deceased husband, and the statute would seem not to prohibit her from testifying to transactions, but only to prohibit her from testifying to conversations or admissions. She did not testify to any conversations or admissions, and there was no error in admitting her testimony, even though the rule is a harsh one, that permits her to testify and excludes the appellant, but that is the statute.

Counsel for appellant have assigned for error, that the court should not have admitted evidence of the

financial condition of Charles H. Gregory, and of the loans he made about the date of the note in controversy, and that the court erred in admitting proof of the allegation that the brothers several years before had exchanged blank accommodation notes. The note presented in evidence being upon an old form, and itself showing in the date some evidence of erasure, we think the court properly admitted this evidence, and under the circumstances the weight of this evidence was a question for the jury. It is also proper to show the financial condition and transactions of parties where the question is raised as to whether such note was actually made between the parties. The issue was whether the note was genuine. The fact that appellant, both before and after the date of the note, was borrowing money and paying a higher rate of interest than the note in controversy drew was competent evidence, and considered with the fact that the note was upon a blank form used in the eighties, tended to prove the improbability of the note having been executed at the time it bears date. Thorp v. Goewey, Admr., 85 Ill. 611; Sager v. St. John, 109 Ill. App. 358. These cases fully answer such objections of appellant.

Error is assigned upon the giving of some of appellee's instructions, but in the argument counsel have failed to point out wherein such error consists, and upon examination of the instructions we fail to see any objections to them.

On November 3rd, the court overruled the motion for a new trial and rendered judgment. On November 10th the appellant moved to vacate the judgment and set aside the verdict on the ground of newly discovered evidence, the newly discovered evidence being that of a daughter of appellant. Appellant filed his affidavit showing knowledge of what his daughter would testify to, and that such knowledge came to him on October 26th, and that

she is a member of his family. The affidavit of the daughter is also filed, showing what she would testify to, and that she would be sixteen in March, 1906. What is claimed to be newly discovered evidence is not of such a character as to be conclusive. There already have been three trials of this case. The appellant was advised of the character of the defense by the first trial in the Probate Court. The defense made a serious charge against him. It was a charge that would bring to his memory, if he had any memory, all the circumstances of the execution and delivery of the note. All that occurred in this case would tend to quicken his memory. By the affidavits which appellant has filed it appears he was present and knew everything that occurred and what his daughter knew and who were present at the time he insists the note was made. We think it is too late after three trials to have the verdict set aside on the ground of newly discovered evidence. It is not newly discovered evidence, but forgotten evidence brought to mind. We therefore hold that due diligence is not shown in the production of this evidence. Wright v. Gould, 73 Ill. 56; Dyk v. DeYoung, 133 Ill. 82.

The court properly overruled the motion to vacate the judgment, and there being no error in the case the judgment will be affirmed.

*Affirmed.*