## Sam Leiserowitz v. Tena Fogarty.

### Gen. No. 4,865.

1. HUSBAND AND WIFE—*how far incompetent as witnesses.* A husband and wife are not competent to testify for or against each other as to any conversation between themselves, nor as to any conversations by themselves with third parties, in suits by

them against third parties, except in cases where the litigation shall
be concerning the separate property of the wife.

2. BOOKS OF ACCOUNT—*what not competent.* The general rule
is that entries in the books of a third person of transactions between
such third person and others not parties to the litigation or one
of the parties litigant, are *res inter alios acta* as to the other party
litigant and inadmissible.

3. INSTRUCTION—*when invades province of jury.* An instruc-
tion which undertakes to tell the jury the strength of a presump-
tion, invades the province of the jury, as it is for the jury
to determine whether a presumption of fact exists, and if a pre-
sumption of fact does exist, the strength of such presumption.

Trial of right of property. Appeal from the County Court of
Livingston county; the Hon. C. F. H. CARITHERS, Judge, presiding.
Heard in this court at the April term, 1907. Reversed and remanded.
Opinion filed August 6, 1907.

R. S. McILDUFF and B. R. THOMPSON, for appellant.

WHITE & TUESBURG, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the
court.

Tena Fogarty, appellee, was married to Charles B.
Fogarty in December, 1903. Charles B. Fogarty at
that time had no money and had to borrow $25 with
which to get married. He was divorced from a former
wife, and in 1901 had given a judgment note for $253.39
to Sam Leiserowitz, appellant. Tena Fogarty at the
time of her marriage had $60, and after her marriage
inherited about $1,400 from her father's estate. After
his second marriage Charles Fogarty worked on a
farm by the month for two years, substantially all his
wages being used in the support of his family, and his
wife used some of her inheritance in the meantime in
supporting the family. In the fall of 1905, the Fo-
gartys, on the suggestion of his wife, determined to
rent a farm, and a farm of 130 acres owned by Bute
Brothers was rented. Some stock and farming imple-
ments were bought, and a crop of corn was planted on
the farm. When the crop was approaching maturity

appellant caused a judgment to be entered against Charles B. Fogarty on his note. An execution was issued thereon, and levied on the corn subject to the landlord's lien for rent, and also on the stock and implements, as the property of Charles Fogarty. Tena Fogarty claimed to be the owner of all the property levied upon, and upon a trial of the right of property under the statute in the County Court of Livingston county recovered a verdict, and judgment was rendered that the property be released by the sheriff and restored to her possession. Leiserowitz, the execution creditor, appeals.

The issue between the parties is who was the tenant of the farm, and who is the owner of the stock and implements, Tena Fogarty or her husband? Appellant states that since taking the appeal he has released and returned to appellee the stock levied upon.

Upon the trial the court admitted in evidence on the part of the appellee, against the objections of appellant, various conversations between Tena Fogarty and her husband concerning the leasing of the farm and the purchasing of the items of personal property. This the court admitted on the theory that the contest was over the separate property of the wife, and therefore her husband was a competent witness in her behalf, and she being a party to the suit could testify to what she told her husband in directing the leasing and purchase of the property as part of the *res gestae*. Sec. 5 of the evidence act provides, that no husband or wife shall by virtue of sec. 1 be rendered competent to testify for or against each other as to any transaction or conversations occurring during the marriage * * * except in cases where the litigation shall be concerning the separate property of the wife, etc., "provided that nothing in this section contained shall be construed to authorize or permit any such husband or wife to testify to any admission or conversations of the other, whether made by him to her or by her to him, or by either to third persons, except in suits or

causes between such husband and wife.'' Under the proviso of sec. 5 it was not proper that either Mrs. Fogarty or her husband should testify to any conversation between themselves nor should either of them testify to anything said by the other to third parties. Deniston v. Hoagland, 67 Ill. 265; Munford v. Miller, 7 Ill. App. 62; Fletcher v. Shepherd, 174 Ill. 269; Gedney v. Gedney, 61 Ill. App. 511; Yokem v. Hicks, 93 Ill. App. 667; Gregory v. Gregory, 129 Ill. App. 96.

Charles Korlaski and some other witnesses were asked the question, did you ever hear Mrs. Fogarty say who owned the crop on the farm and the implements and stock? Appellant objected to the question and the objection was overruled. This is assigned for error. It is insisted that the statements of Mrs. Fogarty as to the ownership were not competent evidence because they were made out of the presence of appellant. The rule is that declarations made by a party in possession of personal property or of growing crops, explanatory of that possession, or of the right in which such possession was held, are admissible evidence on an issue of ownership. Randegger v. Ehrhardt, 51 Ill. 101; 9 Ency. of Ev. 264. The same rule of evidence applies where a party is in possession as an agent. 9 Ency. of Ev., 265.

Appellant sought to introduce the entries made by third parties in their books concerning some of the personal property in controversy, to show that the property had been sold to the husband of appellee. The general rule is that entries in the books of a third person of transactions between such third person and others not parties to the litigation or one of the parties litigant, are *res inter alios acta* as to the other party litigant and inadmissible. Boyd v. Yerkes, 25 Ill. App. 527; Schwartz v. Southerland, 51 Ill. App. 175; 2 Ency. of Ev. 667. The objection was properly sustained. What occurred as a part of the transaction of making the sale would be competent evidence as a part of the *res gestae,* but the entries that might be made in the

books are not *res gestae* as the sale is made before the entry. Chicago West Div. Ry. Co. v. Becker, 128 Ill. 545; Cumins v. Leighton, 9 Ill. App. 186.

Appellant asked the husband of appellee: "What wages did you get for farming this land?" "Was there any contract between you and your wife as to any pay you were to get?" If by the question it was intended to have the husband tell what was said between the husband and wife regarding the subject inquired about the objection was properly sustained for the reasons hereinbefore stated; if it was intended to inquire, whether money had or had not been paid between them then, that would be a transaction and would be admissible. The objection was improperly sustained to the first question and properly sustained to the second for the reasons stated, and for the further reason it asked for a conclusion.

The first instruction given for the claimant told the jury "that the fact that wages were not paid by Tena Fogarty to Charles Fogarty does not affect the case in any way." This should not have been given because that fact might be a circumstance bearing upon the question of who was the tenant and running the farm. It was improperly given for the further reason that there was no evidence to base it upon, the court having sustained an objection to the admission of evidence on that question.

The fourth instruction given for the claimant is: "The court instructs the jury that where a husband and wife live together on a farm and the wife contributes the working capital and the husband contributes personal labor only, the products will not belong to him or be liable for his debts." This was erroneous for the reason that it ignored the question whether the husband was the tenant who rented the farm for himself, which was one of the pivotal questions in the case. The fifth and eighth instructions given for the claimant were also erroneous for the same reason as the fourth. The eighth also told the jury that if they

believed a certain fact from the evidence, "it is a strong presumption that the plaintiff is the owner of the said growing crop of corn." The strength of the presumption, and whether the facts proven created any presumption at all, was a question for the jury, and the court in telling the jury what was the effect of the evidence was trespassing on the province of the jury. The sixth instruction was erroneous in directing a verdict and leaving out many material facts. The first five instructions are also subject to the criticism that they are abstract propositions and make no reference to the evidence in the case. For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*