## Alice E. Horney, Administratrix, Appellee, v. St. Louis & Northeastern Railway Company, Appellant.

1. NEGLIGENCE—*what details of evidence competent notwithstanding the application of the doctrine res ipsa loquitur.* Notwithstanding the case be one in which the doctrine *res ipsa loquitur* is applied yet if the defendant has pleaded the general issue, it is necessary for the plaintiff to make out her whole case, and in doing so, it is competent for her to offer and for the court to admit in evidence statements of witnesses and proof of circumstances tending to show defendant's negligence and the result thereof.

2. EVIDENCE—*what competent upon question of injury.* *Held,* that it was competent for trained nurses to be permitted to testify as to what part they took and the treatment they assisted in giving the plaintiff when he was operated upon and also to state that the plaintiff complained of a pain in his back.

3. EVIDENCE—*when form of hypothetical examination will not reverse.* While technically it is improper, yet the action of the court in permitting a physician to answer a hypothetical question from the history of the case given him by another physician, will not effect a reversal.

4. WITNESSES—*who not incompetent by virtue of interest.* An administratrix who was the wife of her intestate, who sues under the personal injuries statute for the benefit of herself and the next of kin of such intestate, is not incompetent to testify as to the injuries and earnings of such intestate.

5. INSTRUCTIONS—*approved form as to right of jury to consider aggravations resulting from surgical errors.* An instruction upon this subject as follows approved:

"If you further find that through some mistake of the said surgeons or of competent nurses and attendants, that infection resulted from and followed such operation, through no act of said Henry Horney, and thereafter said Henry Horney died on April 23, 1909, from said infection resulting from the wound made by said surgeons in said operation and the treatment thereof by said surgeons and nurses, then the court instructs you that the said acts, mistakes or errors of the surgeons and nurses should be considered by you as a part of the immediate and direct result produced by the injuries received by the said Henry Horney in said collision."

6. INSTRUCTIONS—*when refusal of correct will not reverse.* The refusal of correct instructions will not reverse if the instructions given fully and fairly give the law of the case to the jury.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911. Rehearing denied November 10, 1911. *Certiorari* denied by Supreme Court (making opinion final).

TERRY & GUELTIG, for appellant; GEORGE W. BURTON and H. M. STEELY, of counsel.

C. H. BURTON, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought to recover damages under the statute, for the benefit of the widow and next of kin of Henry C. Horney, deceased, whose death is alleged to have been occasioned by the negligence of the servants of appellant in operating its cars, while run-

ning between Edwardsville and Granite City, Illinois. On October 27, 1908, Henry C. Horney, who at that time was a man 50 years of age in good health and earning $22 a week, as manager of a ten cent store in Edwardsville, started to go home from that place to Granite City, where he resided with his wife and two unmarried daughters, on one of appellant's electric cars. While the car was running at from thirty to thirty-five miles an hour, it collided with another car, at a point called Sand Pit Siding. Both cars were badly wrecked and many passengers bruised and hurt.

At the time of the collision, Mr. Horney was sitting near the front end of the car on a bench running lengthwise of the same on the right side thereof. Opposite him on the left side of the front end of the car, was the motorman's cab and behind it in this part of the car, which was the smoking compartment, was a large trunk, weighing from 500 to 700 pounds. This trunk was thrown against Horney by the force of the collision and the evidence appears to show that when he was seen immediately thereafter, an edge or corner of the trunk was pressing against his side. As the trunk was pushed away by another passenger who was also injured by it, Mr. Horney cried out "Oh, my side" and afterwards when he was led away by a couple of men he complained of his side and his back. He was taken by another car to Granite City, where he went to a hospital, and after having received treatment from the physicians there and had his arm bandaged, he walked home several blocks. The next day a physician was called and it was then found that his body was discolored and sore and he was evidently suffering from severe pains about his abdomen. He was confined to his bed for about two weeks but afterwards returned to his business. About six weeks later he was discovered to be afflicted with ventral hernia which appeared to the right and above the navel. On February 13, 1909, a physician was called, who advised that an

550     APPELLATE COURTS OF ILLINOIS.

Horney v. St. Louis & Northeastern Ry. Co., 165 Ill. App. 547.

operation be performed and afterwards on March 4, he was operated on for ventral hernia. After the operation the patient failed to improve, dangerous complications were discovered and on April 21, he was again operated on by Dr. Amyx, assisted by Dr. Neidringhaus, who performed the first operation. The second operation failed to effect a cure and on April 23, 1909, the patient died.

The trial resulted in a verdict and judgment in favor of appellee for $7,000. Appellant asserts that the verdict in this case was contrary to the evidence, that the court erred in its rulings in the admission and exclusion of evidence and also in its rulings in regard to the instructions.

The declaration charged that the collision was caused by the carelessness and negligence of appellant's servants; that by reason thereof Horney was violently thrown from his seat, that various parts of his body were injured, bruised and wounded from which wounds and bruises ventral hernia resulted, which caused his death.

It was shown on the trial and is conceded by appellant, that the collision of the two cars was caused by the negligence of appellant's servants and that in the collision Mr. Horney received an injury. Appellee claimed that the hernia, from which Mr. Horney suffered, resulted from injuries received by him in the collision of the cars and that his death was the result of such hernia.

On the other hand appellant contends that the evidence was not sufficient to connect either his death or the hernia with, or to show the same was the result of, the accident. After his death Alice E. Horney, his widow, was appointed administratrix of his estate and brought this suit.

The proofs in the case appear to us to show that deceased was struck by a heavy trunk in the collision and injured on the body and limbs, as claimed by appellee. They also show that deceased some weeks

later, was discovered to be suffering from ventral hernia. The attending physicians, and other physicians who were examined as experts, testified for the respective parties upon the trial. We deem it unnecessary to go into an extended discussion of the professional and scientific testimony given by these witnesses, and content ourselves with saying that the jury was warranted upon consideration of the same, in finding that the hernia of deceased, resulted from the injuries received by him in the collision of the cars; and that deceased had good care and skillful attention from competent physicians and surgeons.

The proofs in the case established the material allegations of the declaration and were sufficient to sustain the verdict.

Appellant complains that certain witnesses were permitted to testify concerning the manner of movement and the speed of the car in which Horney was riding, to give descriptions of the appearance of the headlights of the cars before the cars came together, and that chairs in the other car were torn loose and passengers thrown upon the floor; that lights were put out, windows broken, timbers twisted and passengers injured in said car. The theory of counsel for appellant on this question, as stated by him, is that it was admitted the car in which deceased was riding, collided with a car going in the opposite direction, and that being so, the doctrine of *res ipsa loquitur* applied, that the act itself spoke as to appellant's negligence; that this being true the evidence referred to was simply as to collateral facts not affecting the principal matter in dispute and was therefore incompetent. In this case appellant pleaded the general issue to the declaration of appellee; therefore it was necessary for the latter to make out her whole case and in doing so it was proper for her to offer and the court to admit in evidence, statements of witnesses and proofs of circumstances tending to show appellant's negligence and the extent of the same. The evidence referred to was

552    APPELLATE COURTS OF ILLINOIS.

Horney v. St. Louis & Northeastern Ry. Co., 165 Ill. App. 547.

directly pertinent to these questions and was therefore properly admitted.

Objection is also made that certain trained nurses were permitted to testify as to the part they took and the treatment they assisted in giving Horney, when he was operated upon and also to state that he complained of a pain in his back. We do not think this testimony objectionable as it tended to throw light upon the subject of the injury of deceased and also to show the treatment he received, which is criticised somewhat by appellant.

Complaint is further made by appellant, that one of the physicians was permitted to answer hypothetical questions, not from the facts detailed in the question, but from the history of the case given him by another physician. It appears that the physician whose testimony is objected to, treated the deceased and performed one of the operations on him and on cross-examination he stated that he took into consideration, in answering the hypothetical questions, the conditions he found, and the history of the case given him by another physician. It appears however that the so-called hypothetical questions asked this physician, presented facts identical with those claimed to have been ascertained by him from examination and the statement of the other physician. While the court might properly, as a technical proposition, have sustained appellant's motion to exclude the answers made by this physician to these questions, yet this could have produced no practical result, bearing upon the case. It would have only required appellee, if he desired the benefit of such testimony, to have asked the same questions again and necessitated an answer by the physician, based upon the hypothetical question, which was identical with those facts which he had otherwise ascertained and therefore it must be presumed his answer would not have been different from that he had already given. There was, therefore, no reversible

error on the part of the court in refusing to exclude this testimony.

Other objections were made in relation to the testimony of expert witnesses, which upon consideration do not appear to us to be of material importance in the case.

Appellant further objects that the administratrix was permitted to testify in the case. The administratrix did not bring this suit as such, for the benefit of the estate on account of damages which accrued to Mr. Horney in his lifetime, but she brought it under the personal injuries statute, for the benefit of herself and the next of kin; and the estate of deceased, as an estate, is really not concerned with any amount that may be recovered. She was examined and testified, not as to conversations between herself and husband, but as to facts concerning his injuries and his earnings.

In the case of Lingreen, Admx., v. I. C. R. R. Co., 61 Ill. App. 174, which was a suit similar to this, the widow of the deceased was offered as a witness on behalf of the plaintiff, but her testimony was held to be incompetent by the court as to any fact that occurred at the time of her husband's death or in respect to any matter or thing leading to it. The Appellate Court said in passing upon this question, "Mrs. Lingreen was not offered as a witness to testify to any admission or conversation of her husband or in an action to which her husband was a party. The husband was dead, and his estate in no wise interested in the litigation. The connection of the administrator with the suit was merely formal. He (she) prosecuted, not for the estate of his (her) intestate, but for the exclusive benefit of the widow and next of kin. The fact that Mrs. Lingreen, formerly sustained the relation of wife to the deceased, had no effect upon her status as a witness, save that she was inhibited from detailing any admission or conversation of her late husband. That her testimony was material is beyond doubt. It was error to exclude her." See also Gregory v. Gregory, 129 Ill. App. 96.

554    APPELLATE COURTS OF ILLINOIS.

Horney v. St. Louis & Northeastern Ry. Co., 165 Ill. App. 547.

We are of opinion the widow was a competent witness to testify to the matters concerning which she was interrogated.

Appellant criticises the first instruction given for plaintiff, because after reciting the history of the case, including the operation, it stated, "and if you further find that through some mistake of the said surgeons or of competent nurses and attendants, that infection resulted from and followed said operation, through no act of said Henry Horney, and thereafter said Henry Horney died on April 23, 1909, from said infection resulting from the wound made by said surgeons in said operation and the treatment thereof by the said surgeons and nurses, then the court instructs you that the said acts, mistakes or errors of the surgeons and nurses should be considered by you as a part of the immediate and direct result produced by the injuries received by the said Henry Horney in said collision."

Appellant asserts that this instruction does not state the law correctly and that it was error to give it. This question has been settled by our Supreme Court contrary to the contention of appellant in Variety Mfg. Co. v. Landaker, 227 Ill. 22, where it is said, "It is next contended that the court erred in giving to the jury the appellee's second instruction. That instruction announced to the jury that a person who is suffering from an injury is only required to use reasonable diligence to employ a physician of ordinary skill and experience to treat him, and that the law regards the injury resulting from the mistakes of the physician, or from the failure of the means employed to effect a cure, as a part of the immediate and direct damages flowing from the original injury. The doctrine announced in said instruction is fully sustained by Pullman Palace Car Co. v. Bluhm, 109 Ill. 20, and Chicago City Railway Co. v. Saxby, 213 id. 274."

The fourth instruction was a general one and informed the jury as to the degree of care and caution necessary to be used by defendant in the operation of

its road to provide for the safety and security of passengers. It is objected to this instruction that it states an abstract proposition of law and that as deceased was a passenger and was injured by the collision, the doctrine of *res ipsa loquitur* applied. It is true that the question of the negligence of appellant's servants in causing the collision was admitted, but as we have above stated, where this same subject was considered in reference to the admission of certain evidence, appellee was nevertheless required to make out his case and this instruction stated a correct proposition of law applicable thereto. The fact that it was general in terms did not of itself make it error for the court to give it.

Other objections are made to instructions given for appellee which do not appear to us to be of sufficient materiality to require discussion.

Appellant further complains that five instructions offered by it, were refused by the court. The record shows that twenty-two instructions were given on behalf of defendant, which appear to cover every phase of its defense, and all principles of law correctly stated in the refused instructions, appear to have been contained in those given for it.

Appellant also complains that the damages awarded are excessive. The question of the amount of damages was one for the jury and we are not disposed to find fault with the manner in which they have disposed of it. We find no reversible error in the record in this case and the judgment of the court below will be affirmed.

*Affirmed.*