## Caroline Mark v. Owen P. Miles and Joseph S. Miles, Executors of Henry Ashway.

1. EVIDENCE—*Account of Sales Found Among Papers of a Deceased Person.*—On the trial of a claim against the estate of a deceased person, accounts of sales, rendered by commission merchants in Chicago to deceased for cattle of the claimant, found among the papers of the deceased, are not competent to show that the books of the deceased were incorrect.

2. SAME—*Reputation of Deceased.*—On the trial of a claim against the estate of a deceased person, evidence that the deceased was prompt to pay his debts and was reputed to be a man of credit is proper for the purpose of rebutting any circumstantial or other evidence that his books were improperly kept or that he had not included all his items of accounts in them.

3. LIMITATIONS—*Claims Against Deceased Persons.*—Where the deceased person did not occupy the relation of a trustee to a person filing a claim in probate against his estate, but merely that of an agent to transact his business, the statute of limitations will run against him as regards his liabilities to him.

4. BOOKS OF ACCOUNT—*When Prima Facie Correct.*—Where, on the trial of a claim in probate, the claimant introduces the books of the deceased as evidence, such books will, as against such claimant, be *prima facie* correct.

Claim in Probate.—Appeal from the Circuit Court of Carroll County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

RALPH E. EATON and D. & T. J. and J. M. SHEEAN, attorneys for appellant.

J. M. HUNTER, HENRY MACKAY, E. T. E. BECKER and GEORGE L. HOFFMAN, attorneys for appellees.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a claim filed in the County Court by appellant against the appellees, administrators of the estate of Henry Ashway, deceased, claiming a large amount of money from the said estate as coming to her for property and money

that the said Ashway, in his lifetime, had received for her while acting as her agent and not paid over to her. The agency of Ashway continued for about twenty-two years, and he rendered to her yearly accounts for the last thirteen years, except the last year of his life, 1891, a copy of which said yearly accounts given her, she kept, and appeared satisfied until his death. The estate under his management increased from $80,392.67 to $284,198.55, showing a competent and highly successful management. Appellant introduced deceased's books of accounts, which appeared to show everything correct, and there was no evidence to impeach them, and the presumption, in the absence of proof to the contrary, would be that they were correct. The case was transferred from the County Court to the Circuit Court for trial, and at the March term, 1894, of the Circuit Court the cause was tried before a jury, resulting in a verdict and judgment against the plaintiff. Upon that verdict the court rendered judgment against her for costs; from that judgment this appeal is taken. The husband of the appellant died in 1869, without issue, leaving to his widow, the appellant, an estate in personalty of about $80,000, and a large amount of real estate. One Henry Mills, and the deceased, Henry Ashway, of whose estate the appellees are administrators, administered upon and settled up the estate. Mills subsequently died, and Ashway, after settling up the estate, became appellant's agent and financial manager of all her business and of all of her property, real and personal, from April, 1869, to April, 1891, when he died. He bought her cattle, hogs and horses, handled all her money, paid it out for stock, hired her servants, controlled and managed her farms, cattle, hogs and horses, and received the money therefor, sold her government bonds and received the money, bought bank stock, deposited her money in the bank and drew it out, loaned her money at interest and took notes and mortgages therefor; in fact, was her general manager and agent. He had her perfect confidence, and as it appears from the evidence, in our judgment, was wholly entitled to it. At the time of Ashway's death, April 26,

1891, by his skillful management he had increased the deceased's personal estate, inherited by appellant, to the sum named above, besides paying his own salary and Mills' during the period of his management, amounting to $44,000, and about $18,000 in other expenses. During the time of Ashway's management he consulted the appellant frequently about the management of her business, explained everything to her and accepted her advice when she gave any, he, however, being the main manager. The appellant, by her counsel, complains, among other things, that Ashway failed to account for all the cattle that were raised on the place, although he accounted for all that he purchased and sold, and counsel for appellant thinks that there must have been as much as 412 head of cattle raised on the place, worth $55 per head, which Ashway never accounted for. We have examined the evidence carefully and think there is very little foundation for this claim, and that the jury were fully justified in rejecting it. As for the claim of $63.30 for a bull sold, we think the jury were justified in finding that was included in the account rendered, and also that the statute of limitations had run against it. The appellant claims also that she was entitled to $500 profit made by Ashway in the purchase of some notes on Erdmier and Fry, amounting to $11,600. We think this claim is not sustained.

It appears from the evidence that Ashway purchased these notes from the Newton County Bank, Kansas, and transferred and guaranteed them to the First National Bank, and by that bank they were transferred over to appellant for their face. Ashway purchased the note at a discount of $500, and this it is claimed he should allow the appellant. We see no reason why Ashway had not the right to enjoy the benefit of the discount of his purchase; the appellant's money was not used in their purchase, and it appears that the notes were good and fully worth the amount that the appellant gave for them, and were drawing seven and seven and one-half per cent. interest. They were, no doubt, an advantageous purchase for the appellant, and no advantage

Mark v. Miles.

was taken of her, and no loss occurred to her on account of Ashway's action.

Another claim of $2,500, charged on the books against Ashway, and claimed for damages to cattle bought by Ashway from himself and sold to himself, is equally groundless. There are several items of evidence offered by appellees and admitted by the court which it is claimed were erroneous. Certain accounts of sales rendered by commission merchants in Chicago to Ashway for cattle of appellant's found among deceased's papers after his death, offered in evidence by appellant to show that Ashway's books were incorrect, were rejected by the court, and we think rightfully. These were papers sent to Ashway, but there was no evidence that he had ever admitted their correctness. Razor v. Razor, 149 Ill. 621. The admission of the evidence of Craig and others that Ashway was prompt to pay his debts and was reputed to be a man of credit was properly admitted, as rebutting any circumstantial or other evidence that the books were improperly kept, or that he had not included all his items of accounts in them. Thorp v. Goewey, 85 Ill. 611. The appellee's second instruction was objected to, which sets up and instructs the jury that the five years statute of limitation would bar suit against any items omitted in said yearly statements, unless the jury believed the claim for such omitted item was filed within five years from the day on which such statements were delivered to the plaintiff by said Ashway, unless such omitted statements were omitted fraudulently by him or concealed from the knowledge of the plaintiff, and unless the plaintiff did not discover the same or obtain knowledge thereof until a time within five years before the filing of her claim. We are of the opinion that the instruction was correct. The appellant in her testimony shows that she did not think the accounts were correct all the time, and kept them secretly, refusing to show them to any one until after Ashway's death. Ashway did not occupy the relation of trustee to appellant; his position was that merely of an agent, employed by her to transact her affairs; hence the statute of limitations would

run against her as regards his liabilities to her. Haywood v. Gunn, 82 Ill. 385. The long delay of appellant in prosecuting her claim should, and no doubt did, induce the jury to look upon it with suspicion. Ashway's book of account was introduced by the appellant herself and was *prima facie* correct, and all portions against as well as for her must be accepted. Fink v. Cole, 5 Gil. 339; Howell v. Moores, 127 Ill. 81. Perceiving no error in the record, the judgment of the court below is affirmed.