H. MUELLER *et al.*

*v.*

R. O. ROSEN.

*Opinion filed April 17, 1899.*

1. CONTRACTS—*when amount for extras is due under building contract.* Amounts for extras are properly alleged as due under the original contract for the erection of a building, where such contract by its terms contemplates charges for extras and provides for the settlement of the cost occasioned by changes in the plans.

2. SAME—*when defense of the plaintiff's failure to arbitrate cannot be raised.* An objection that plaintiff, in an action to recover for extras, could not recover without proof of an effort upon his part to arbitrate their cost, in accordance with the terms of the contract, cannot be urged on appeal, when not presented below.

3. INSTRUCTIONS—*each instruction need not present defendant's right to set-off.* In an action on a contract the court is not required to embrace in each of plaintiff's instructions a qualification bearing upon the defendant's claim of set-off which is otherwise presented by appropriate instructions.

4. PRACTICE—*how question of plaintiff's failure to arbitrate should be raised.* Defendant to an action for extras who desires to raise for review, on appeal, the question of plaintiff's failure to arbitrate their cost, as provided in the original contract, should object to the introduction of evidence of their value or ask an instruction to take the case from the jury.

*Mueller* v. *Rosen*, 79 Ill. App. 420, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Macon county; the Hon. EDWARD P. VAIL, Judge, presiding.

This was an action of assumpsit, brought by R. O. Rosen in the circuit court of Macon county to recover a balance claimed to be due for the erection of a certain factory plant in Decatur. The contract under which the buildings were erected was as follows:

"DECATUR, ILL., *May 6, 1895.*

"I, R. O. Rosen, hereby agree to erect the factory buildings at the corner of College and Cerro Gordo streets, Decatur, Illinois, as per plans and specifications, for the sum of thirteen thousand nine hundred fourteen ($13,914) dollars, the cost of all changes in plans to be estimated by Hieronymus Mueller and R. O. Rosen, and if they cannot agree on the price they are to select one disinterested party, who will estimate cost of change in plans. The payments on work are to be made as work proceeds, in the following manner, viz.: An estimate on work in building is to be made every Thursday by Hieronymus Mueller, R. O. Rosen and A. H. Humphrey, and then eighty (80) per cent of the estimated cost will be paid. Twenty (20) per cent of the entire cost of building will be withheld by Hieronymus Mueller until all material and labor is paid.

"Accepted:                          R. O. ROSEN,
                                              HIERONYMUS MUELLER.

"Oscar Mueller will act in my place during my absence.
                                              HIERONYMUS MUELLER."

The buildings were erected under the plans and specifications named in the contract, within the time specified, but during the progress of the work certain changes from the plans and specifications were made which caused the

use of increased quantities of material and work in some instances and less materials and work in others, and which changes were the result of suggestions of both the appellants and appellee. There were also some additional structures and appliances added to the plant by the appellee at the request of the appellants, not called for in the plans and specifications. After the appellee had, as he contended, finished all the work he contracted to do and the additional work requested, and after the appellants had full possession of the buildings and plant, and had paid to the appellee, and to others on his order, at various times as the work progressed, the sum of $14,363.30 on account thereof, the appellee presented to Hieronymus Mueller an itemized bill for extras amounting to the sum of $1734.44, which he claimed to be due under the contract. The bill presented for extras was not satisfactory, and after some time spent in attempting to settle, and the parties not being able to arrive at a settlement, this action was brought. On a trial before a jury the plaintiff obtained a verdict and judgment for $1350. The defendants appealed to the Appellate Court, where the judgment was affirmed, and for the purpose of reversing the latter judgment this appeal was taken.

I. A. BUCKINGHAM, for appellants.

LeFORGEE & LEE, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

It is not claimed in the argument that the court erred on the trial in its rulings on the admission or exclusion of evidence, but the main ground relied upon to reverse the judgment of the Appellate Court is that the trial court erred in the instructions to the jury. The first instruction given for plaintiff was as follows:

"The jury are instructed that if they believe, from a preponderance of the testimony in this case, that the

plans and specifications introduced in this case have been followed and complied with by the plaintiff in the construction of this building, then you are instructed that the plaintiff is entitled to recover upon that portion of his account such sum of money, if any, as may remain due upon the original contract."

The objections to this instruction are three in number: First, that there is no claim or pretense that appellee had complied with the plans and specifications; second, there was no claim that anything was due on the original contract; and third, the instruction ignores appellants' set-off. As we understand the record, appellee claimed by his evidence before the jury that he had erected the plant substantially as provided in the plans and specifications, except where changes had been made during the progress of the work. As to the second objection, by reference to the written contract under which the plant was erected it will be seen it contemplated that there would be charges for extras, and provision was made therein for the settlement of the cost arising from changes in the plans. Under such circumstances, whatever amount was due for extras would be due upon the original contract. As to the third objection, this instruction was silent on the question of set-off. It neither provided for it nor ignored it, but that question was left to be disposed of by other instructions bearing on that branch of the case. We do not, therefore, regard the instruction as erroneous when considered in connection with the evidence in the case and with other instructions.

It is next claimed that the second instruction given for the appellee was erroneous. The objection to the instruction is, that there was no evidence upon which it could be predicated. The instruction in substance directed the jury that if they believed, from the evidence, that a list of extras, with amount of charges, was furnished appellants, and appellants, with full knowledge of the items, agreed to the account, then such sum might

be regarded as the amount due. There was evidence introduced tending to prove the facts stated in the instruction, and although it may not have been sufficient to be binding on appellants, there was enough upon which an instruction might be predicated.

It is also claimed that the third instruction is misleading and not based upon the evidence. We do not think the instruction contains anything calculated to mislead the jury, nor can it properly be said there was no evidence to support it.

The same objection is made to the fourth instruction, and the further one that it ignores appellants' set-off. Upon examination of the instruction it will be found that it merely directed the jury that if they found, from the evidence, that plaintiff entered into a contract to erect the building for a certain sum, which defendants agreed to pay, and if they found that the building was erected and it was accepted by defendants as a performance of the contract, then defendants are bound to pay the sum agreed by the parties. In view of the written contract in evidence executed by the parties, and the evidence that the building had been erected and the defendants had taken possession and were occupying it, there was ample evidence upon which to predicate the instruction. As to defendants' set-off, the court could not be required to add that as a qualification of each instruction.

Objection is made to the fifth instruction, but it merely announces a well known rule of agency, which was fully justified by the evidence.

The sixth, seventh, eighth and ninth instructions are criticised. We perceive no substantial objections to them.

It is also insisted that the court erred in giving plaintiff's instruction No. 10, as follows:

"The jury are instructed that if they believe, from the evidence in this case, that in addition to the requirements of the plans and specifications the plaintiff placed in the building certain things, (specified in the instruction,) then

you are instructed that the plaintiff is entitled to recover from the defendants such additional sum as you may believe, from all the evidence in this case, to be due to the plaintiff because of the additional work, labor and material in so constructing, building and furnishing said extra articles in said building according as the proof shows the agreement was relative thereto, if any."

In *Dupuis* v. *Chicago and North Wisconsin Railway Co.* 115 Ill. 97, where the condition of a mill and its value were in dispute, an instruction which reiterated every element in the evidence that discussed its value and directed the jury to consider these facts, while nothing whatever was said in regard to the evidence which tended to prove that the mill was valuable, was condemned by this court and held to be erroneous. So, also, in *Town of Evans* v. *Dickey,* 117 Ill. 291, an instruction which was a summary of the principal facts claimed to be proved by the plaintiff, and the conclusion to be drawn from such facts as a matter of law, leaving out of consideration the defense insisted on, was held to be erroneous. We regard the rule established in these cases as correct in principle and one that should be strictly observed, but we do not regard the instruction in question as one falling within the rule laid down in those cases. The instruction merely directed the jury that if they found, from the evidence, that if certain vault doors and other specified things were placed in the building in addition to the requirements of the plans, then plaintiff was entitled to recover such additional sums as they might find, from all the evidence in the case, to be due plaintiff on account of the additional work, according as the evidence shows the contract was relative thereto, if any. The instruction does not assume that articles were furnished or labor performed, but these facts must be found from the evidence; and as to the amount to be recovered, that was required to be determined from all the evidence in the case. While the practice of giving instructions which reiterate certain facts

and bring them prominently before the jury ought not to be encouraged, yet we do not regard the instruction in question as erroneous or one calculated to mislead the jury. The instruction makes no allusion to the defendants' set-off, but we do not think that was required. The defendants' rights on the question of set-off are fully stated to the jury in defendants' instructions 6 and 8.

The contract for the erection of the plant among other things contains this provision: "The cost of all changes in plans to be estimated by Hieronymus Mueller and R. O. Rosen, and if they cannot agree on the price they are to select one disinterested party, who will estimate cost of change in plans." It is contended in the argument that this provision is a condition precedent to a recovery for any changes in plans, and bars a recovery in this case for all extras, unless it has been shown that Mueller and Rosen did agree, or that the matter was referred to a party selected by them in pursuance of the agreement, or that Rosen was in some way prevented from selecting a person and submitting the matter to him. Whether the plaintiff was entitled to recover without making an effort to arbitrate, as specified in the contract, is a question that does not arise on this record. If the appellants desired to rely on the provision of the contract providing for arbitration, they should have raised the question on the trial in the circuit court by objection to plaintiff's evidence or by an instruction to take the case from the jury. This was not done, nor was any claim made that plaintiff could not recover on account of the provision in regard to arbitration. Under such circumstances the right to raise the question must be regarded as waived when made for the first time on appeal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*