**Amelia C. Schubert, Executrix, Appellant, v. Philip C. Schubert et al., Appellees.**

**Gen. No. 5607.**

1. APPEALS AND ERRORS—*when motion to strike certified copy of pleas properly denied.* Held, that it was not error for the court to refuse to strike certified copies of pleas which had been duly filed in the Probate Court and that a denial of such motion was the equivalent of approving the filing of such certified copies which filing had been without leave previously granted.

2. EVIDENCE—*what competent upon genuineness of note.* Where the genuineness of a note filed as a claim against a deceased maker is in question the financial condition of the alleged lender at the time of the alleged making of the note for money borrowed as well as the financial condition of the deceased maker together with other circumstances are competent to be shown.

3. EVIDENCE—*how impeachment cannot be made.* Impeachment of a witness cannot be predicated upon an immaterial matter.

4. EVIDENCE—*when will competent where question of genuineness of note of testator involved.* Held, that the will of the testator was competent where the alleged note was filed as a claim to show the hostility of such deceased to the alleged payee, and that com-

parison öf the signature to the will with the alleged signature to the note was proper.

5. INSTRUCTIONS—*when singling out evidence of expert witnesses not error.* If neither side could gain an advantage ·the singling out of expert witnesses in the instructions of the court will not effect a reversal.

6. NEGOTIABLE INSTRUMENTS—*what material˙ alteration.* So to change the date of a note as to bring it within the Statute of Limitations is a material alteration.

Appeal from the Circuit Court of Kankakee county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912. *Certiorari* denied by Supreme Court (making opinion final).

T. W. SHIELDS and T. F. DONOVAN, for appellant.

COOPER & HOBBIE, W. H. SAVARY and EDGAR L. MASTERS, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

On March 7, 1907, John J. Schubert filed a claim against the estate of his mother, Wilhelmina Schubert, deceased, in the County Court of Kankakee county, based upon a promissory note dated March 4, 1897, for the payment of· $3,000 five days after date, with interest at 7% per annum. No affidavit was made to this claim by John J. Schubert until April 25, 1909, and shortly thereafter he died. Amelia C. Schubert the appellant, was appointed executrix of the estate of John J. Schubert, and the hearing in the County Court on said claim proceeded in her name as such executrix. Upon a trial in the County Court the claim was allowed for the full amount with interest. The executors of the estate of Wilhelmina Schubert appealed therefrom to the Circuit Court, and, upon a trial in that court, the jury returned a verdict in favor of said estate and against the claimant. A motion for a new trial was overruled, judgment was entered upon the verdict, and claimant below appeals to this court. Appellant points out a large number of alleged errors

which are relied upon to secure a reversal of the judgment of the lower court, most of these being with regard to rulings of the lower court as to the admission of evidence.

Three defenses were made to the claim of John J. Schubert; first, that if the note was ever in fact made, it was made in 1891, and that the figure "1" in said note has been changed to a "7" constituting a material alteration and rendering the note void; second, that, if the note was ever in fact made, it was made in 1891, and any claim based upon it was barred by the statute of limitations; and third, that the signature to the note was not that of Wilhelmina Schubert, but was a forgery. In the County Court appellees filed a plea, denying the execution of the note, and supported it by their affidavit, but in the transmission of the papers in the case on appeal, neither the plea nor the affidavit nor a certified copy thereof, was sent up to the Circuit Court. On the day when the trial in the Circuit Court began appellees procured a certified copy of said plea and affidavit from the county clerk and had it filed in the Circuit Court, without first obtaining leave of court. After appellees had begun the introduction of their proof, appellant moved to strike the additional transcript from the files, and her counsel asserted that they had not previously discovered it in the files. The motion was denied and this action is assigned for error. The question whether the original plea and affidavit, instead of a certified copy thereof should have been transmitted by the county clerk to the Circuit Court, was not raised by the motion, but we see no reason why it was not proper to file a certified copy thereof. Appellant must have known that such plea and affidavit had been filed in the County Court, and that it had been omitted from the transcript by mistake, and must have anticipated that when its absence from the record was discovered, leave to file the original or a certified copy would be asked and

allowed. The denial of the motion to strike the certified copy from the files was equivalent to granting leave to file it, or was an approval of the act of appellees in filing it. If appellant was taken by surprise, she should have asked a continuance. It is obvious, from the evidence that was introduced, that appellant was fully prepared to go into the question of the genuineness of the signature to this note, that being the principal question litigated, and that appellant was not harmed by the court's ruling on its motion.

The court below permitted the introduction of a considerable amount of evidence in relation to the financial condition of both Wilhelmina and John J. Schubert about the year 1897, which showed in brief, that John J. Schubert had no such deposit at that time in any Kankakee Bank as would have enabled him to loan the sum of $3,000; that in 1897 he had borrowed $1,000 from another party, at the same time telling the party making the loan that he was short of money, that in 1889 he had given a mortgage to his father to secure the payment of a series of notes evidencing an indebtedness for a large sum of money, and that said mortgage was not released until about two years after the date of this alleged note of Wilhelmina Schubert; that Wilhelmina Schubert was very economical and not in the habit of incurring debts; that she lived very simply and was receiving such an income from her husband's estate as would not render it necessary for her to borrow a large sum of money; and that she and her son John were on extremely bad terms. Appellant objected to the introduction in evidence of the bank book of John S. Schubert, by which it was shown that his balance at a certain bank in Kankakee during the few months preceding the alleged date of this note did not amount at any time to more than a few hundred dollars; to the admission in evidence of his tax schedule for the year 1907,

in which this note was not listed; to the evidence of officers of certain other banks in Kankakee that Schubert did not have an account with those establishments during the months preceding the date of the note; to the evidence of the loan to John J. Schubert of $1,000 in 1897; to the evidence in relation to the habits of Wilhelmina Schubert and her financial condition; to the admission in evidence of the mortgage from John J. Schubert to his father and of the release thereof; and contends that all this evidence was incompetent. There was no evidence that John J. Schubert had ever pressed his mother to pay this note, which was due only five days after its date. The principal litigated question in this cause was whether this was a genuine note of Wilhelmina Schubert or not. If the financial condition of John J. Schubert in 1897 was such that he would not be likely to have any such sum of money to loan; if his financial condition at that time and after was such that, if any such money was due him, he would be likely to insist upon and compel payment; if his mother had an abundance of money for her simple needs and was careful and prudent in her expenditures; and if she and her son were on bad terms and seldom met or spoke; all this would tend to show that it was improbable that she ever borrowed such a sum of money from her son. Under the authority of Thorp v. Goewey, 85 Ill. 611; Sager v. St. John, 109 Ill. App. 358; Gregory v. Est. of Gregory, 129 Ill. App. 96, and cases there cited, we are of the opinion that this evidence of the financial condition of John J. Schubert and his mother was properly admitted.

Appellant called Miss Josephine Kohl as a witness, who testified to her knowledge of the signature of Mrs. Schubert, and that in her opinion, the signature to the note in question was the genuine signature of Mrs. Schubert. On cross-examination she was shown a paper, the will of Mrs. Schubert, and after examin-

ing it, testified that the signature to the will was not the genuine signature of Mrs. Schubert and that the signature to the note was genuine. No objection was made at that time to this testimony on the ground of lack of authority to permit the comparison, or for any other reason. After appellant's case in chief had been closed, appellees offered and the court admitted in evidence the will of Mrs. Schubert, the order of the County Court admitting it to probate, and the inventory in said estate, the object of the offer being stated to be the impeachment of Miss Kohl. Objections to this evidence were made and overruled and exceptions were duly preserved. Thereafter the will was used by both parties for the purpose of having their expert witnesses compare the signature to the will with the signature to the note, and the question whether or not the ruling admitting this will in evidence was correct we regard as the most serious question in the case.

We recognize it as the rule laid down in a large number of decisions by the Supreme Court, collected by us in Stitzel v. Miller, 157 Ill. App. 390, 399, that the genuineness or falsity of a handwriting or signature cannot be proved by comparison with other admittedly genuine handwriting or signatures, unless said other handwriting or signatures are in evidence in the case for some other legitimate purpose, or at least among the files of the case and a part of the record. Though that judgment was reversed in Stitzel v. Miller, 250 Ill. 72, yet the rule above stated was recognized and sustained. Appellees offer many reasons in support of the introduction of the will, among them being that it was competent for the purpose of impeaching Miss Kohl; that the will was a part of the files in this case and therefore could be used for the purpose of comparison, and that it was admissible for the purpose of showing the relations between the parties and a motive on the part of John J. Schubert for the presentation of the claim. We are of opinion that the will was

not competent for the purpose of impeaching Miss
Kohl. The question whether this was the genuine
signature of Mrs. Schubert to the will was immaterial
and, if objection had been made, could not have been
raised, and Miss Kohl could not be impeached upon
immaterial matter. We are also of opinion that the
will was not among the files in this cause. The files
in this case properly consisted of the claim and affi-
davit of claim filed in the County Court, the record
made there on the trial and allowances of the claim
and any motions and orders which may have been
made and papers which may have been there filed with
regard to it. We do not think it can be said that all
of the files of the County Court in connection with
the admission of this will to probate and the admin-
istration of the estate are brought into this case of
the claim against it, so as to make them competent
under the rule permitting the use of the files. Cer-
tainly the will, the order admitting it to probate and
the various papers relative to the administration of
the estate could not properly be transmitted to the
Circuit Court by reason of the appeal of this one
claim.

We conclude however, that the will and the order
admitting it to probate were properly admitted in
evidence to show the hostility of the decedent to her
son at the time of the execution of the will, and to
show a reason for his determination to bring a claim
against the estate and thereby reimburse himself in
part for what he had lost by reason of being cut off
in his mother's will. This was supplemented by evi-
dence of a conversation by him afterwards with re-
gard to the action of his mother in giving the bulk of
her estate to his brother and sister, in which he stated:
"They got their money, and I only got a dollar, and
I'll get the rest", and the evidence of another conver-
sation in which he used bitter language indicating an

intention to use this note to redress the wrong done him by the will. Although appellees did not put their offer on that ground, we conclude that the will was competent evidence on the issues in this case. Being therefore competent and in evidence, each side could use it for any legitimate inference they could draw from it, and their witnesses then had a right to compare the signature of the note with the signature of the will. Craig v. Trotter, 252 Ill. 228, and cases there cited. The order admitting the will to probate found that Mrs. Schubert signed her name thereto. The evidence of appellant's expert witness shows that appellant had prepared to use this will on the trial for the purpose of demonstrating the genuineness of the signature to the note, and that appellant's expert had examined the will and note and compared them with each other for that purpose more than eight months before this trial. The inventory of the estate of Wilhelmina Schubert was accompanied by the order of the County Court approving it, which was *prima facie* binding upon John J. Schubert, an heir at law and legatee, and therefore upon his executrix. We conclude that, on the ground previously stated, appellees had a right to prove the financial condition of Mrs. Schubert to the date of her death, and that was all the inventory proved. We are unable to see that appellant was harmed, as there was no dispute but what the inventory correctly showed the condition of the estate. The will and the note both being properly in evidence, we are of opinion that it was proper to permit enlarged photographic copies of these signatures to be made and introduced in evidence to illustrate the theories of the expert witnesses who testified to the similarity of or the difference in these signatures and as to whether or not any of the figures in the note had been altered.

Instruction No. 19, given at appellees' request, told the jury that if they believed from the evidence that

the note in question had actually been executed in 1891
and that no new contract was ever entered into there-
after between the payee and Mrs. Schubert for the
payment thereof, then the note was barred by the
statute of limitations and they should find for the
appellees. Appellant complains of the giving of this
instruction, on the ground that it failed to inform the
jury that the note would not have been barred by the
statute of limitations, even though executed in 1891,
if a payment of interest had been made thereon or if
it had been thereafter recognized or acknowledged as
an existing indebtedness by Mrs. Schubert in her life
time. The objections of appellant to this instruction
might be well taken if there had been any evidence that
any interest had been paid on the note or that Mrs.
Schubert had acknowledged it as an existing indebted-
ness and had promised to pay it at some later date,
but there was no such evidence and we therefore con-
sider the instruction correct. Complaint is made by
appellant of instruction No. 20 given at the request of
appellees, on the ground that it singles out and gives
prominence to the evidence of expert witnesses, and
that it directs the jury to give weight to the opinions
of such experts, regardless of whether or not such
opinions are based upon facts found to be true from
the evidence. Each side offered one expert witness,
and neither side, therefore, would secure any advan-
tage from any supposed singling out of that kind of
evidence. With regard to the second point made
against this instruction, we need only quote from the
instruction itself, as follows: "Expert testimony is
the opinion of such a witness based upon the facts in
the case as shown by the evidence." We do not con-
sider the objection to this instruction well taken. Ap-
pellant objects to instruction No. 21 on the ground
that it fails to take into consideration the question
whether or not the change from the figure "1" to
the figure "7" if made, was a material alteration or

not, and also that it did not submit to the jury the question whether or not, if there had been such an alteration in the date of the note, it had been made by the holder or with his knowledge or consent. We do not consider that these objections are well taken. If the date of this note had been changed from 1891 which would have made it an outlawed note long before Mrs. Schubert died, in 1897, so as to bring it within the Statute of Limitations, that would be a material alteration, and that question was to be decided by the court and not by the jury. Milliken v. Marlin, 66 Ill. 13; Donnell Mfg. Co. v. Jones, 49 Ill. App. 327. The court was not required to submit to the jury the question whether or not said alteration, if there was one, was made by the holder or with his knowledge or consent, as there was no evidence that the note had ever been in the custody of any one but John J. Schubert.

Appellant assigned for error the failure of the trial court to grant a new trial on the ground of newly discovered evidence, but as that assignment has not been argued, it must be considered as waived.

We find no reversible error in the record, and the judgment is therefore affirmed.

*Affirmed.*