Millie Gray, Appellee, v. Louis Stein, Administrator de bonis non of the Estate of James Hazelwood, Deceased, Appellant.

1. EXECUTORS AND ADMINISTRATORS—*proof of ability of deceased to have paid claim.* In a suit against the estate of a decedent on a claim for services extending over a long period under circumstances making it improbable that plaintiff would have worked for that length of time without receiving pay for her services, it was proper to show decedent's ability to pay.

2. EXECUTORS AND ADMINISTRATORS—*proof of promptness of deceased in paying debts.* In a suit against the estate of a decedent upon a claim for services rendered under circumstances making it improbable that plaintiff would have worked for so long a period without receiving pay for her services, it was error to refuse to allow proof of decedent's promptness in paying his debts.

Appeal from the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding. Heard in this court at the March term, 1920. Reversed and remanded. Opinion filed October 28, 1920.

NOLEMAN & SMITH and E. B. VANDERVORT, for appellant.

WILLIAM GORDON MURPHEY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee filed a claim in the county court of Marion county against the estate of James Hazelwood, deceased, to recover for: (1) Work and labor at barber shop 260 weeks, cleaning up generally and doing washing and ironing at $2 per week, $520; and (2) general housework 260 weeks at $2 per week, $520, making a total of $1,040. In the county court she obtained a judgment for $750. On trial in the circuit court, to which the case was appealed by the administrator, there was a verdict and judgment for $990 in favor of appellee.

It appears from the evidence that the deceased was a divorced man and that appellee had done work for him of the character mentioned in her claim. It was admitted on the hearing by attorneys for appellee that she had, during the lifetime of decedent, received from him $50 on this account, and for this amount the jury apparently gave credit. It is also clearly shown by the evidence, and in fact not contradicted, that decedent during the time covered by said claim paid appellee other sums of money besides the $50 above mentioned. One witness testified that he saw her receive $20 one time and also on various other occasions saw deceased pay her money, but did not know how much. Other witnesses testified to seeing him pay her money at other times. The circumstances of the case also show that appellee was a poor woman, and it is difficult to understand why she would have worked in the manner she did for deceased for 5 years without any pay, allowing the debt to accumulate to what must have been, for her, the very large amount now claimed. During the trial appellant offered proof to show that the deceased was financially able to pay his debts, and that he was prompt in the payment of his obligations. The court refused to admit this proof when offered, but later allowed

appellant to introduce proof as to the deceased's ability to pay his debts, refusing, however, to admit proof as to his promptness in meeting his obligations. It would seem that there is some confusion among the decisions of this State as to the admissibility of this evidence. In *Thorp v. Goewey,* 85 Ill. 611, where a note outstanding many years was presented against an estate and its genuineness was disputed, the Supreme Court held that it was proper to show that the deceased was prompt to pay his debts, was prudent and careful that his credit was good, that he was a man of large property and did not like to be in debt. In *Mark v. Miles,* 59 Ill. App. 102, it was held that on the trial of a claim against the estate of a deceased person, evidence that the deceased was prompt to pay his debts and was reputed to be a man of credit is proper for the purpose of rebutting any circumstantial or other evidence, that his books were improperly kept or that he had not included all his items of accounts in them. It was held in *Schubert v. Schubert,* 168 Ill. App. 419, where the genuineness of a note, some years past due, filed as a claim against a deceased maker, was in question, the financial condition of the alleged lender at the time of the alleged making of the note for money borrowed, as well as the financial condition of the deceased maker together with other circumstances, are competent to be shown; and to the same effect is *Sager v. St. John,* 109 Ill. App. 358. In *Orr v. Jason,* 1 Ill. App. 439, a case where a daughter filed a claim against the estate of her father for services rendered him for some 12½ years prior to his death, it was said by the Appellate Court of the second district: "It is always allowable to show the necessity of the creditor and the ability of the debtor as circumstances tending to show payment, and there was evidence in the case tending to show that the father had paid Mary for her labor. We see no reason why promptness is not as proper

to be shown as ability.'' While there are some decisions which seem to hold that such evidence is not admissible, yet upon close examination it will be found that in those cases the debt in question had not been of long standing, or that there were special circumstances in proof upon which the particular decision was based.

Under the circumstances of this case, we are of the opinion that by virtue of the authorities above mentioned, it was not only proper to show decedent's ability to pay and his promptness in paying his obligations, but that it was error for the court to refuse to allow proof of his promptness in paying his debts, and this ruling was particularly prejudicial in view of the conditions of the proof as to the payments made to appellee during the lifetime of the decedent. For the reasons herein given, the judgment is reversed and the cause remanded.

*Reversed and remanded.*