SANTUCCI CONSTRUCTION COMPANY, Plaintiff-Appellant, v. THE CITY OF DANVILLE, Defendant-Appellee.

Fourth District   No. 4—84—0075

Opinion filed November 26, 1984.

Speckman & Trittipo, Ltd., of Chicago (Walter E. Trittipo, Jr., of counsel), for appellant.

Sebat, Swanson, Banks, Lessen & Garman, of Danville (Ralph J. Swanson, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On February 25, 1982, plaintiff, Santucci Construction Company (Santucci), filed suit in the circuit court of Vermilion County against defendant, city of Danville (city), asserting that the city had breached a contract it had with Santucci for the construction by Santucci of a sewer. On June 10, 1982, the city filed a motion pursuant to section 48(1)(e) of the then Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48(1)(e)), now section 2—619(a)(5) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(5)), contending that the suit was barred by the lapse of the 10-year period for bringing such an action (Ill. Rev. Stat. 1981, ch. 83, par. 17). After various proceedings, the trial court entered an order on January 6, 1984, which, in effect, ultimately allowed the motion and entered judgment in favor of the city and in bar of the action. Santucci appeals. We reverse and remand.

Santucci's complaint was grounded upon paragraph 21 of the "General Conditions" of the contract between the parties. That paragraph stated:

"Subsurface Conditions Found Different

Should the Contractor encounter sub-surface and/or latent conditions at the site materially differing from those shown on the Plans or indicated in the Specifications, he shall immediately give notice to the Architect/Engineer of such conditions before they are disturbed. The Architect/Engineer will thereupon promptly investigate the conditions, and if he finds that they materially differ from those shown on the Plans or indicated in the Specifications, he will at once make such changes

in the Plans and/or Specifications as he may find necessary, any increase or decrease of cost resulting from such changes to be adjusted in the manner provided in Paragraph 17 of the General Conditions."

The complaint alleged that (1) in performing the contract, Santucci had encountered concrete subsurface, not shown on the plans and specifications, which were below the existing roadways under which the sewer was to be laid; (2) Santucci had repeatedly requested the city to pay $48,541.02 for work necessitated by those conditions; and (3) the city had refused to make the payment. The city's motion to dismiss, supported by the uncontradicted affidavit of the mayor, set forth that (1) the foregoing work by Santucci was completed on May 28, 1971; (2) Santucci made demand on August 7, 1971; and (3) both of the foregoing dates were more than 10 years prior to the filing of suit on February 25, 1982.

Santucci does not dispute the accuracy of the dates set forth in the city's motion and affidavit. Rather, it contends that (1) the work performed under paragraph 21 of the "General Conditions" was a part of the work it was required to perform under the construction contract; (2) the work to be performed under the contract should be interpreted as all being a part of a single endeavor: the performance of the contract; (3) accordingly, the time for bringing suit did not expire until completion of performance of the entire contract, which occurred some time after April 7, 1972, and within 10 years of the filing of the instant complaint.

The city, on the other hand, relies on the general rule that a cause of action accrues at the instant a creditor may legally demand payment (*In re Estate of Chapman* (1928), 248 Ill. App. 12), and that when a contract provides for periodic payments which a party may demand when due, a statute of limitations begins to run on each installment from its due date. (*Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 34; *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472, 384 N.E.2d 55.) The thrust of its argument is that Santucci had a right to sue for the amounts, if any, which were due it at the time it completed the work necessitated by any undisclosed conditions, and, accordingly, the time for bringing suit must begin then. Rather than treating Santucci's required performance under the contract as being a single endeavor, the city would treat the contract as contemplating severable performances by Santucci.

In cases involving construction contracts, the courts of this State have recognized an exception to the rule that statutes of limitation begin to run on the due date of monetary installments due on contracts.

In *O'Brien v. Sexton* (1892), 140 Ill. 517, 30 N.E. 461, a plastering contractor made a written agreement to do the plastering work on a construction project with partial payments to be made when various stages of the work were completed. A suit for work performed was brought by the plastering contractor seeking recovery both on the contract and in quasi contract. The supreme court held that the trial court erred in instructing the jury that the contractor could recover only for work performed within the period of the statute of limitations. The court explained that, as far as recovery under the contract was concerned, the undertaking of the contractor was a single endeavor, and the statute of limitations did not begin to run until completion of that endeavor.

In *Strom v. Lipschultz* (1972), 5 Ill. App. 3d 308, 282 N.E.2d 257, the court cited and followed *O'Brien*. There, a contractor and owner had entered into a written contract for the construction of a dwelling. The contract provided that any additional work must be agreed to in writing. The contractor sought recovery for extra work agreed to orally. A judgment in the contractor's favor was affirmed. The court held that, although the agreement for the extra work was oral, it would be treated as part of the written contract and subject to the 10-year statute of limitations (Ill. Rev. Stat. 1961, ch. 83, par. 17) for such contracts rather than the five-year statute (Ill. Rev. Stat. 1961, ch. 83, par. 16) covering oral contracts. The court held that, in any event, the statute of limitations would not start to run on any claim for extra work performed until all of the work had been completed, because the contract was for a "continuous piece of work." *Strom v. Lipschultz* (1972), 5 Ill. App. 3d 308, 312, 282 N.E.2d 257, 260.

■ The exception for construction contracts is recognized in other jurisdictions as well. (See *Rich v. Arancio* (1931), 277 Mass. 310, 178 N.E.743; *City & County of Dallas Levee Improvement District v. Halsey, Stuart & Co.* (Tex. Civ. App. 1947), 202 S.W.2d 957; 13 Am. Jur. 2d *Building & Construction Contracts* sec. 114, at 106-07 (1964).) We need not analyze the application of the exception in detail on the basis of whether the construction contract is unitary or divisible and severable, because we agree with a noted authority on contracts that the concept is confusing and courts tend to deem contracts to be unitary for some purposes and divisible and severable for others. (3A Corbin, Contracts sec. 694, at 277 (1960).) We consider the rule to be that when a construction contract is involved, the period of limitation will begin to run against the contractor's claim for payment prior to the completion of the contract only in very rare circumstances.

■■ The *O'Brien* case is dissimilar to the instant case in that the installment payments there involved were those definitely required by the contract, but they were based upon completion of specific portions of the work to be done. This case is similar to *Strom* in that the claim sought to be barred is for work not definitely required by the terms of the contract but for work which was possibly contemplated by the contract. Under the precedent cited, even if Santucci had been entitled to sue upon the city's refusal to pay its demand, the statute of limitations would not have started to run at that time. By analogy to *Strom*, Santucci's right to compensation would arise from the terms of the contract. Paragraph 24 of the "General Conditions" of the contract entitles contractors to monthly payments for the work performed in the previous month but authorizes the city to hold back 10% of the amount due until final completion of all of the work. If this provision is applicable to the payments for which claim is made, the hold-back provision would be a further reason why the statute of limitations would be inapplicable. Santucci would not have been entitled to full payment for the work in issue until the completion of the contract.

The only question before the court on this appeal is whether Santucci's claim was barred by the affirmative defense of untimeliness of filing suit pleaded by a motion under section 48(1)(e) of the then Civil Practice Act. Neither the sufficiency of the complaint to state a cause of action nor the question of compliance by Santucci of conditions precedent to recovery are before us. We reverse the judgment dismissing the complaint and remand to the circuit court of Vermilion County for further proceedings.

Reversed and remanded.

MILLER and WEBBER, JJ., concur.