56          WRIGHT *et al. v.* GOULD *et al.*          [Sept. T.

Opinion of the Court.

## JAMES WRIGHT *et al*

*v.*

## JOHN S. GOULD *et al.*

NEW TRIAL—*newly discovered evidence.* On a motion for a new trial, a party is not allowed to avail of his ignorance of evidence, which he could have discovered in apt time by the exercise of reasonable forethought and diligence. His affidavit must negative every circumstance from which negligence may be inferred.

APPEAL from the Superior Court of Cook county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of assumpsit, by John S. Gould and William R. Gould against James Wright and Alfred B. Lawther. A trial was had, resulting in a verdict and judgment in favor of the plaintiffs, for $2412.70, the court refusing a motion by defendants for a new trial.

Messrs. CRANE & TATHAM, for the appellants.

Mr. B. D. MAGRUDER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We are asked to reverse this judgment because the finding of the jury was contrary to the evidence. The controversy grew out of the sale of a quantity of flax seed, partially damaged, mill machinery, etc., immediately after the Chicago fire of October 9, 1871, by appellees to appellants. The point in dispute most earnestly insisted upon by the counsel for appellants, relates to the quantity of the flax seed received by appellees. The price to be paid is not in dispute. It was $1.40 per bushel.

We have carefully gone over the evidence in the record, and have considered and weighed it with all the care we could, and the result is, we are not convinced the verdict is wrong.

Counsel for the appellants, in their very laudable zeal in behalf of their clients, have worked themselves up to the

belief that the evidence of Kimplen and Hull, two very material witnesses on behalf of appellees, are shown, by their own examinations, to be unworthy of credit. The record fails to produce that impression on us. The cross-examination to which they were subjected was thorough and severe, and if, in their bearing on the witness stand, there was aught tending to disparage the effect of their evidence, not apparent in the record, the jury were in a position to have observed it, and it would, doubtless, have had its proper effect with them. Without disregarding the evidence of these witnesses, it is impossible, on any hypothesis that we can discover, to say that the evidence preponderates in favor of appellants.

We are also asked to reverse the judgment because of the newly discovered evidence disclosed by the affidavits of Wright and Dagan.

Wright's affidavit, omitting the caption, signature and *jurat*, is in these words:   "James Wright, being first duly sworn, on his oath, says, that he is one of the defendants in the above entitled cause; that the affidavit subscribed by Frank Dagan has been read by this affiant, and that the facts set forth therein have come to the knowledge of this affiant since the first trial of the above cause, and further this affiant saith not."

Waiving all other objections which might be taken to the sufficiency of this affidavit, it is palpably defective in not showing that Dagan's evidence could not have been discovered and produced on the trial by the use of reasonable diligence. His affidavit shows that he would have contradicted certain statements sworn by certain of appellees' witnesses to have been made by himself, with regard to the quantity of flax seed received by appellants. It does not appear that Dagan could not have been found, and the correctness of those statements learned in time to have used his evidence, if it had been found desirable, before the trial concluded. A party is not allowed, on a motion for new trial, to avail of his ignorance of evidence which he could have discovered in apt time, by the exercise of reasonable forethought and diligence. His affidavit should

have negatived every circumstance from which negligence may be inferred.   *Crozier* v. *Cooper*, 14 Ill. 139.

We perceive no substantial objection to the instructions given the jury, and we find, in the whole record, no sufficient ground to disturb the judgment.   It will therefore be affirmed.

*Judgment affirmed.*