## Anna Saxton, Appellee, v. Flora Drake, Appellant.

## Gen. No. 6,022.

1. EVIDENCE, § 476*—*when preponderance of witnesses not sufficient to show that verdict is contrary to evidence.* Where the evidence is conflicting and there is nothing in the record to show that the jury were not justified in believing that the greater weight of the evidence rested in the plaintiff and her witnesses, the mere fact

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Saxton v. Drake, 191 Ill. App. 322.

that defendant had the greater number of witnesses is not sufficient on appeal to justify a holding that a verdict for plaintiff was against the weight of the evidence.

2. MASTER AND SERVANT, § 85*—*where modification of instruction proper in action for wages.* In an action by a servant to recover wages, an instruction requested by defendant to the effect if the jury believed that during the time for which the wages were sought plaintiff "was treated and cared for as a member of the family of the defendant," such relation is presumed to continue and the burden of showing a change therein is upon the defendant, is properly modified by adding after the words quoted, the words "and so accepted such treatment."

3. MASTER AND SERVANT, § 85*—*when modification of instruction in action for wages proper.* Where defendant, in an action by a servant for wages, asks an instruction to the effect that if there was an implied understanding between the parties by which each was to receive the services of the other, without any intention of making charges therefor, then neither could recover for her respective services, though the jury might believe there was a difference in the value of such services, a modification of the instruction by adding thereto the words "unless you further believe from the evidence there was an express agreement to pay for such services," is not error, where the change makes the instruction include an element of plaintiff's case which the requested instruction omitted.

4. NEW TRIAL, § 77*—*when newly-discovered evidence not ground for.* Where there is nothing in the record to show that the witnesses, the newly-discovered evidence of whom is urged as a ground for a new trial, could not, by reasonable diligence, have been looked up, their knowledge of the facts ascertained long before the trial, and their attendance at the trial secured, it is not error to refuse to grant a motion for a new trial.

Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed January 6, 1915.

WOLFENBARGER & MAY, for appellant.

W. M. BARNES, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is a suit in assumpsit which was originally brought by the appellee, Anna Saxton, against the appellant, Flora Drake, before a justice of the peace in the city of Peoria, to recover money claimed from the appellant for wages, alleged to be due the appellee under an express verbal contract. A trial was had before the justice, who found that the appellee was entitled to recover, and rendered a judgment for the sum of one hundred and fifty dollars. The appellant then took an appeal to the Circuit Court, where the case was tried *de novo* by a jury, and a verdict was rendered finding the issues for appellee and assessing her damages at two hundred dollars. The appellant made a motion for a new trial and filed, in support of her motion, affidavits which set forth newly-discovered evidence.

The court, upon considering the motion, ordered the appellee to enter a remittitur of fifty dollars, which was done by her, and thereupon the motion for a new trial was denied, and a judgment entered on the verdict for the sum of one hundred and fifty dollars against the appellant, from which judgment she has appealed to this court. The principal errors assigned by appellant and urged as ground for the reversal of this judgment are:

(1) That the verdict of the jury is manifestly against the weight of the evidence; (2) that the court improperly modified two of the appellant's instructions, and refused to give one of the instructions requested by the appellant; (3) that the court should have granted a new trial on account of the newly-discovered evidence.

While appellant has an apparent basis for claiming that the verdict is against the weight of the evidence, inasmuch as one more witness testified in support of appellant's side of the controversy than on the side of the appellee, yet the number of witnesses does not necessarily determine the weight of the evidence.

This seems too well settled to require any elucidation. The credibility of witnesses is always a large and important factor in determining the question of the weight of the evidence. The evidence in this case was very conflicting and contradictory, and the jury, who saw all the witnesses, observed their demeanor on the witness stand and their manner of testifying, their intelligence and candor, or lack of it, and considered the reasonableness or unreasonableness, the probability or improbability of the matters about which they testified, are in the best position to form a correct conclusion in determining the question of the relative credibility of the witnesses, and the relative weight of their testimony. To pass upon the credibility of witnesses who testify in a case and the relative weight of their testimony is the peculiar function of the jury.

This court cannot say from anything that appears in the record that the jury were not justified in believing that the greater weight of the evidence rested in the testimony of appellee and her witnesses, though there were a greater number of witnesses on the side of the appellant.

The rule laid down by the Supreme Court in the case of *Lowry v. Orr,* 6 Ill. (1 Gilm.) 70, has been constantly adhered to in this State, and in our opinion is decisive of the question now under discussion. The Court in that case says: "Where there is a contrariety of evidence on both sides, and the facts and circumstances, by a fair and reasonable intendment, will warrant the inferences of the jury, courts will reluctantly, if ever, disturb their verdict, notwithstanding it may appear to be against the strength or weight of the testimony. So, where the verdict depends upon the credibility of the witnesses, it is the peculiar province of the jury to judge of that credibility, to attach such weight to the testimony of each, as may seem to be proper, after a due consideration of all the circumstances, arising in the particular case."

In considering the errors assigned in connection with the modification and refusal of instructions, we find that the court gave four instructions on the part of the appellant, two of which, namely, Nos. 3 and 4, were modified, and one instruction requested by the appellant was refused.

Instruction No. 3 was modified by interlining the words, "and so accepted such treatment," which made the instruction read as follows:

"You are instructed that if you believe from the evidence that during the period in question in this case, the plaintiff was treated and cared for as a member of the family of the defendant and so accepted such treatment, then you are instructed that such family relation is presumed to continue and the burden is upon the party alleging a change of such relation to prove such change."

Instruction No. 4 was modified by adding at the end the words, "unless you further believe from the evidence there was an express agreement to pay for such services," making the instruction read as follows:

"You are instructed that if you believe from the evidence that the plaintiff and the defendant understood that they were each receiving services from the other with no then present intention of making any charges therefor, then you are instructed that neither can recover of the other for any such services performed, even though you may believe from the evidence there was a difference in the value of such services, unless you further believe from the evidence there was an express agreement to pay for such services."

We are of opinion that these modifications of instructions were proper. Instruction No. 3 as presented, embodied the assertion that if the appellee was treated and cared for as a member of the family of the appellant, that such relation is presumed to continue, and that the burden is upon the party alleging a change of such relation to prove it. The relation mentioned would not be presumed in law to continue, unless it was first established, and to establish it would require

not only that the treatment and care be given to appellee as a recognition of such family relation by the appellant, but also the recognition of such family relation by the appellee, by such acceptance of care and treatment as would indicate that she regarded herself as a member of the family, and did not receive the same merely as a servant of the family. By the interlineation of the words mentioned, the instruction, we think, more accurately expressed the law upon the point involved, as applicable to the matters in controversy in the case, and the modification was therefore proper.

The fourth instruction, without the modification, is to this effect: That if there was an implied understanding between the parties by which each was to receive the services of the other, without any intention of making charges therefor, then neither could recover for her respective services, though the jury might believe that there was a difference in the value of such services. While the proposition of law set out in this instruction is not incorrect, it did not state the whole of the question involved, in its application to the case. The appellee claimed that there was an express agreement between her and the appellant, by which she was to receive a definite amount of wages for her services; and if this was proven, the implication suggested by the instruction would not arise to defeat her right of recovery under the express contract. The modification broadened the scope of the instruction to meet this additional element, which was a part of the controversy and was therefore proper.

The refused instruction which the appellant presented to the court to be given to the jury does not accurately state the law as applicable to the controversy. The appellee might have resided with the appellant as a member of her family, and received care, support and attention as such, and no charge be made for such care, support and attention by appellant, yet at the same time she might also have had an express agree-

ment with appellant, as she claims she did, to receive a certain amount of pay for the work she was to perform for appellant. Under this instruction, even though the greater weight of the evidence should show that appellee had such an agreement, she would not be entitled to receive a verdict in her favor. The instruction was therefore properly refused.

But it is insisted that the court should have granted a new trial on account of newly-discovered evidence, which is set forth in the affidavits of G. C. Seddon and A. H. Eifert.

In order to entitle a party to a new trial on the ground of newly-discovered evidence, it must clearly appear that the party could not have procured such evidence at the previous trial, by the exercise of reasonable diligence. In the case of *Wright v. Gould*, 73 Ill. 56, the Supreme Court, in deciding the point in question, used the following significant language:

"Waiving all other objections which might be taken to the sufficiency of this affidavit, it is palpably defective in not showing that Dagan's evidence could not have been discovered and produced on the trial by the use of reasonable diligence. His affidavit shows that he would have contradicted certain statements sworn by certain of appellees' witnesses to have been made by himself, with regard to the quantity of flax seed received by appellants. It does not appear that Dagan could not have been found, and the correctness of those statements learned in time to have used his evidence, if it had been found desirable, before the trial concluded. A party is not allowed, on a motion for new trial, to avail of his ignorance of evidence which he could have discovered in apt time, by the exercise of reasonable forethought and diligence. His affidavit should have negatived every circumstance from which negligence may be inferred."

In this case, about four months intervened between the time of the commencement of the suit and the time of the trial in the Circuit Court. This gave appellant ample time to look up all the evidence pertaining to

her side of the case. The witnesses in question resided in the city of Peoria, and appellant knew they had been boarders at her house during part of the time that appellee worked there, and that naturally they might know something concerning the matters in controversy between her and the appellee.

There is nothing in the record to show why the appellant could not, by the exercise of reasonable diligence, have looked up the witnesses and ascertained from them what they claimed to know about the case long before the time of the trial in the Circuit Court, and to have had them in attendance at that trial if she desired to avail herself of their testimony. In not doing so, the appellant was clearly lacking in reasonable diligence, and the court below was therefore fully justified in refusing to grant a new trial on the ground of this newly-discovered evidence.

We are of opinion that the motion for a new trial was properly denied, and that a judgment should have been rendered upon the verdict.

Judgment affirmed.

*Affirmed.*